## Shawhan, Admr., v. Long.

1. Estoppel; CONTRACT: EXECUTOR. A vendor who sells real estate to an executor, receives the purchase money and executes a deed in accordance with the terms of the contract of sale, is thereby estopped from claiming, in an action brought against him by the executor for rents received after the sale, that the purchase was invalid because made by the executor without being authorized thereto by the County Court.

2. Pleading; EQUITABLE DEFENSE. Under section 2880 of the Revision, the defendant, in an action at law, may set up an equitable defense against one holding the legal title.

3. Vendor and vendee; POSSESSION: RENTS. If a vendor of real estate surrenders the possession of the premises to the vendee, or if the vendee was in possession thereof at the time of the sale, and the vendor, afterward, without the consent of the vendee, takes possession of the same, he is liable to the vendee for any rents received by him during such possession.

4. Administrator; RENTS OF REAL ESTATE: ACT OF 1866. An administrator cannot recover the rents arising from real estate, and accruing after the death of the intestate, under chapter 139, Laws of 1866, unless there are no heirs who are competent to take possession of the property.

*Appeal from Keokuk District Court.*

SATURDAY, JANUARY 30.

ALFRED REEVES, in his life-time, owned a certain half lot in the town of Sigourney, upon which there was a dwelling. While such owner, he executed a mortgage thereon to Pinkerton, and on the 3d day of September, 1859, defendant owning a part of the mortgage debt, obtained the legal title to said lot by sale and foreclosure under said mortgage, which he had purchased. Two months after this, defendant made to Lowe and Lash, the then executors of the estate of Reeves, a bond by which

Shawhan v. Long.

he agreed to convey to them the said half lot — the consideration being $491.88 — $200 paid at the time — the executors giving their note for the balance, $291.88, payable 1st of March, 1860. Upon the payment of this note at maturity, defendant was to convey the lot to said executors.

The executors were in possession of the property in September, 1859; and so remained, receiving the rents and profits thereof, until September, 1865. At that time defendant took possession, and retained the same for twenty-seven months, — receiving the rents and profits, which were worth, etc. In December, 1867, plaintiff paid defendant $138.20, the balance due on the note of $291.88, and he conveyed the property to Chester C. Reeves, the minor son of said Alfred, and plaintiff then, with defendant's consent, took possession.

Plaintiff, the present administrator of the estate of Alfred Reeves, brings this action to recover for the rent of said property while it was so occupied by defendant, from 1865 to 1867. The court found that the plaintiff was entitled to the rents so received, less the value of improvements made, etc. Defendant excepted and appeals.

*G. D. Woodin* for the appellant.

*Mackey & Harned* for the appellee.

WRIGHT, J. — The court below found certain facts (which are substantially contained in the statement above), and thereon rendered judgment for plaintiff. In some respects this finding is wanting in the definiteness usually characterizing the judgments of the learned judge deciding the case, and we may not, therefore, get at the exact points ruled. Thus, whether the mortgage sale was after or before the death of Reeves, the circumstances attending the entry of defendant in 1865, the competency of

the child or children of the decedent to take possession of the property, as to all these, as well as to some other matters, the record is entirely silent. As upon one ground we think the case must be reversed, we shall state briefly our views of the questions made by appellant.

I. It is claimed that neither the estate nor the child (Chester) had any interest in this property before the

1 ESTOPPEL. execution of the deed, because the executors
contract:
executor. purchased without any order of the County Court, and hence without authority; that the estate was not bound, and hence the defendant was not. Whether they purchased without the order of the County Court does not appear. On this subject the record is silent. Nor, in our opinion, is this a material inquiry. Defendant, by his contract, recognized their authority, and cannot, after receiving the purchase money and executing a deed in accordance with his contract, deny its sufficiency. Under the circumstances this claim of defendant might have been treated and regarded by all parties as an incumbrance, and hence, with the approbation of the County Court, it was competent for them to use the proceeds of the estate to meet or discharge the same. Rev. § 2412; Code of 1851, § 1380. As the defendant made this agreement, allowed them to remain in possession, received all the money, and made the deed, he is now estopped, and especially in this action, from denying the binding force of his contract.

II. Defendant, it is said, had the legal title,—was entitled, therefore, to the possession, and hence, cannot

2. PLEADING: be made liable for the rents. And, in support
equitable
defense. of the argument, we are referred to *Page* v. *Cole*, 6 Iowa, 153. That case only decides, that, as the law then stood, in an action *at law*, an equitable title could not defeat an action brought by one holding the

legal title. The Revision (§ 2880), however, introduced a new rule (*Page* v. *Cole*, was decided in 1858), and it is now held, that a defendant in such cases may set up an equitable defense. *Rosierz* v. *Van Dam*, 16 Iowa, 175; *Kramer* v. *Conger*, id. 434; *Penny* v. *Cook*, 19 id. 538.

Whether the vendor, however, would be liable, if let into possession, would depend entirely upon circumstances. And the question is one really not touched — except by inference — in the case to which appellant refers. Thus, if he took possession without the consent of the vendee, and held the same, either by himself or tenant, against the will of the vendee, he could not, in the absence of agreement, use the same without actual liability to account, and also, be entitled to the purchase money. If, on the other hand, by reason of the long delay in the payment of the purchase money, the supposed inability of the estate to finally redeem the property, the condition of the property and the need of some one to take it in charge, or the like, the defendant was allowed to enter under such circumstances as would rebut the presumption of any agreement that he was to account, then he would not be liable. But inasmuch, as a rule, the vendor or mortgagee is entitled alone to his purchase or redemption money, with interest, and is bound to apply to the extinguishment of his debt any rents received by him, it would follow, nothing being shown to the contrary, that he would be held for the rents — especially if he once surrendered possession, or never had it, and subsequently took the same without the vendee's or mortgagor's consent. Under the facts found we could not say, in view of the above rules, that the court erred in holding defendant liable. But we need not say more, as there need be no trouble in determining defendant's liability; the facts being once settled.

III. Could this action be maintained by plaintiff in his

3. VENDOR AND VENDEE : POSSESSION : rents.

capacity as administrator? and if the administrator can,
under the statute, in specific cases recover rents, can the plaintiff do so under the facts 'of this case?

4. ADMINIS-
TRATOR:
rents of real
estate: act
of 1866.

The right is claimed, and if it exists at all, it is derived from the act of 1866 (ch. 139, p. 150, 11th General Assembly, §§ 3, 4, 5). Our opinion is, that in the cases contemplated by the statute the administrator may collect these rents in his name or capacity, as administrator. He becomes the trustee for the heirs, it is true, as to the amount collected or received; and if he takes possession, he holds in the same relation. So, too, the assets, strictly personal, are held by him in trust, first for the payment of debts, and then for the heirs. And the statute seems to contemplate that these rents are to be received, held and applied in the same way.

But this right under the statute accrues only upon a certain contingency. And the question is, do the facts found show such a state of things as entitle plaintiff to sue for these rents? It will be remembered that they accrued after the death of the intestate. The petition alleges that decedent "left surviving him one heir at law, to wit, Chester O. Reeves, now twelve years of age; that he has no guardian, and is not competent to take the care, custody or possession of real estate." This averment was admitted so far as to concede the minority of this heir, and the want of guardianship. In all other respects it is denied. Rev. § 2880. The court found no facts as to the heirs of Reeves, nor as to their competency, or otherwise, to take possession of, and demand and receive the rents and profits of this property. The answer admits the minority of this heir, but not that he is the only heir. For aught that is shown there may be heirs entirely competent to take possession of this property. If so, the administrator has no right to meddle with it, nor to col-

lect these rents. And until these facts were shown or found, the court should have held against plaintiff's right to recover. For such recovery would not bar an action brought in the name of the proper heir, or the party beneficially interested in these rents and profits. Upon the facts as here found any and every administrator, whatever the number of heirs, whatever their age, and however indisputable their competency to take possession of real estate left by their testator or the intestate, could sue for and recover the rents arising from such estate. This was not intended. *Stringham, Admr.*, v. *Brown*, 7 Iowa, 33.

Reversed.