Casey v. Stewart, Adm'r.

AFFIRMED.

CASEY ET AL. v. STEWART, ADM'R, ET AL.

1. **Jurisdiction:** OF CIRCUIT COURT AS COURT OF PROBATE: NOTICE DETERMINED BY JUDGE. The legislature has conferred on the judge of the Circuit Court as a court of probate the right to determine what notice shall be given of the hearing of any matter pending in said court, in which a notice is required. Code, § § 2313, 2314. This includes the kind of notice and how the same shall be served. It was accordingly *held* that, where an administrator made application to the court to sell real estate to pay debts, and the court ordered that a notice of the hearing should be served on the defendants therein (who were nonresidents of the State) by publication for two weeks in a newspaper, which was done accordingly, and proof thereof duly made, the court thereby obtained jurisdiction of the persons of the defendants.

2. **Circuit Court as Court of Probate:** PLACE OF HOLDING. While it is provided by section 192 of the Code that courts must be held at the places appointed by law, unless the parties consent to some other place, yet this statute must be construed in connection with sections 2313 and 2314 of the Code; and by these sections the Circuit Court as a court of probate may be held at such places as the judge may appoint.

SATURDAY, DECEMBER 9.

THIS is an original proceeding in the Supreme Court. The plaintiffs are the heirs at law and devisees of John B. Casey, who died in the State of Kentucky. The defendant, Stewart, was appointed administrator of said estate in Iowa. The

plaintiffs asked a writ of *certiorari*, and one was issued, on the grounds that the Circuit Court of Linn county exceeded its jurisdiction and otherwise acted illegally in ordering and approving the sale of certain real estate in this State on the application of the administrator aforesaid. John B. Casey made and executed a will which was probated in the State of Kentucky. The plaintiff, James B. Casey, was appointed executor in the will, and he qualified as such, in Kentucky. He caused the will to be probated in Linn county, Iowa, but failed to qualify as executor. John B. Casey died owning real estate in Linn and Scott counties, in Iowa. Upon the petition of the Covington City National Bank, who claimed that John B. Casey died indebted to it, the said Stewart was appointed administrator of said estate, and duly qualified as such. On the petition of the administrator, the Circuit Court ordered the real estate belonging to the estate to be sold to pay debts that had been duly allowed.

*J. B. Young*, for plaintiff.

*W. E. White*, for defendant.

SEEVERS, CH. J.—In the petition asking the writ several objections are suggested which it is claimed, under the proceedings in the Circuit Court, are invalid, but which are not argued by counsel. They will be disregarded. It is of course conceded that if the Circuit Court had jurisdiction mere error will not render the proceedings void. It is not, and cannot be successfully, claimed that the Circuit Court did not have jurisdiction of the subject matter: that is, the appointment of an administrator and the sale of the lands to pay debts against the estate which had been duly allowed. The only objection urged by counsel is that the Circuit Court did not obtain jurisdiction of the plaintiffs, because no sufficient notice of the application to sell the real estate was served on them. The statute provides: "The court shall always be open for transaction of probate business, but

the hearing of any matter requiring notice shall be had only in term time, or at such time and place as the judge may appoint. Code, § 2313. When the judge fixes a time and place of hearing, as contemplated in the preceding section, he shall determine what notice shall be given thereof, and no such hearing shall be had until proof is made of the giving of such notice." Code, § 2314. The petition to sell real estate was duly filed, and the judge ordered that it be heard at a specified time at the Grand Hotel in Cedar Rapids. The order directed that notice of the hearing should be served on the plaintiffs by publication for two weeks in a newspaper. A notice, which is full and in all respects sufficient, was published for the required time, and proof thereof duly made and filed.

I. The point made by counsel, if we understand him, is that what shall constitute constructive notice is an act of sovereignty which can only be determined by the General Assembly. This will be conceded. It is next insisted that the statute provides that a notice shall be published four weeks before a party will be held to have had constructive notice. This is true as to actions brought for the enforcement of rights in courts other than that of probate. We think the legality of this proceeding must be determined under the statute above quoted. The sovereign power has conferred on the judge of the court of probate the right to "determine what notice shall be given" of the hearing of any matter pending in said court in which a notice is required. It is insisted that this statute only contemplates and refers to the time when service shall be made with reference to the business to be transacted, and that it does not authorize the court to say what shall constitute constructive notice. The judge determines, under the statute, what notice shall be given. This includes the kind of notice and how the same shall be served. It may be by publication, posting, or personally served, as the court may direct. When such power is conferred on the judge by

*1. JURISDIC-TION of circuit court as court of probate: notice determined by judge.*

the General Assembly, the sovereign power has determined that the notice shall be such as the judge may prescribe. Without doubt, it is true, that the judge of probate cannot, in the absence of a statute authorizing it, determine what shall constitute constructive service of notice, but the statute, in our opinion, does authorize the judge to do so. The statute declares what shall constitute personal service of notice, and the court must follow this statute as well as that in relation to any other kind of notice. The judge determined that the notice should be served by publication. This the statute authorizes, and jurisdiction over the plaintiffs was thus obtained. It possibly should be stated that the plaintiffs are and were non-residents of the State.

II. It is provided that courts must be held at the places appointed by law, unless the parties consent that a court may be held at some other place. Code, § 192. This statute must be construed as applying to courts other than those of probate. If this is not done, the special provision, contained in sections 2313 and 2314 must be ignored. Construing these sections of the Code as above indicated, all may stand and be effective. This it is our duty to do. We cannot forbear suggesting, that under sections 173 and 174, there is some doubt whether the place where the court is held is jurisdictional or can be so regarded, in a case where the record fails to show that there is a courthouse in Linn county, or that the board of supervisors have provided a suitable place in which the court might be held. Our conclusion is that the court of probate had jurisdiction of the plaintiffs, and that the writ of *certiorari* heretofore issued must be quashed.

*2. CIRCUIT court as court of probate: place of holding.*