CAPPER v. SIBLEY ET AL.

1. **Circuit Court:** PROBATE BUSINESS: MUST BE TRANSACTED WITHIN THE COUNTY. Under section 2313 of the Code, the circuit court has no authority to hear and determine a matter in probate outside of the county where it belongs, and an order made outside of such county is void. *Casey v. Stewart*, 60 Iowa, 160, and *Rogers v. Loop*, 51 Id., 41, distinguished.

2. **Landlord and Tenant:** POSSESSION UNDER VOID LEASE: LIABILITY FOR RENT RESERVED. A lessee of land for coal-mining purposes, under a lease which is void, is not liable for rent, where he has done no mining, although he may have enjoyed undisturbed possession of the land, so far as necessary for the purpose of prospecting for coal. *Franklin v. Twogood*, 18 Iowa, 515, and *Shawhan v. Long*, 26 Id., 488, distinguished.

*Appeal from Mahaska District Court.*

WEDNESDAY, APRIL 22.

ACTION upon a coal-mining lease, to recover for rent alleged to be due under the same. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*John F. Lacey*, for appellants.

*L. C. Blanchard*, for appellee.

ADAMS, J.—The lease in question purports to be executed by the plaintiff as "executrix of the estate of John Capper, deceased." In her petition, she avers that it was executed "by virtue of her authority as executrix of her late husband, deceased, John Capper, and the authority of the circuit court of Mahaska county." The defendants pleaded a general denial. The plaintiff, for the purpose of proving her authority to execute the lease, was allowed to introduce in evidence, against the defendant's objection, the record of the circuit court of

Mahaska county, showing an order of the court authorizing the executrix to execute the lease, which order appeared from the record to have been made on notice at Montezuma, in Poweshiek county. The defendants assign the admission of this evidence as error.

Whether the will of the plaintiff's testate authorized her to execute a lease of the real estate in question, does not appear. Whether the circuit court of Mahaska county, in the absence of such provision in the will, had jurisdiction to authorize the plaintiff to execute the lease, admits of great doubt; but we need not determine the question. The objection to the evidence, urged by the appellants, is that the record shows that the order was made outside of Mahaska county, and their legal proposition is that the circuit court of Mahaska county cannot sit outside of the county, and that any order made by the court outside is made without jurisdiction, and is void. The plaintiff, as we understand, denies this proposition. She relies upon section 2313 of the Code, which is in these words: "The court shall always be open for the transaction of business, but the hearing of any matter requiring notice shall be had only in term time, or at such time and place as the judge may appoint." Her contention is that under this section the judge may appoint any time and *any place* for holding court.

That the judge was authorized to appoint any time (when any judicial business can be done) for holding court for the purpose of hearing the matter of the application for authority to execute the lease, is undoubtedly true. But we are not able to give the words "any place," as used in the statute, as broad a meaning as the plaintiff would put upon them. The circuit court of a given county cannot, we think, sit outside of the county. It should not, it is true, be regarded as limited in its sittings to the county seat. In *Casey v. Stewart*, 60 Iowa, 160, an order of the circuit court of Linn county was made at a place other than the county seat, and the order was sustained. But the place at which the court

sat was not outside the county. The decision in that case, therefore, does not afford any substantial support to the ruling in question.

It is proper, perhaps, that we should say that in *Rogers v. Loop*, 51 Iowa, 41, it was held by a majority of this court that a justice of the peace had jurisdiction to try and determine a case in a township other than that for which he was elected; but in that case it was stipulated between the parties that he should hold his court where he did, and it was thought that the stipulation had the effect to confer jurisdiction beyond his territory. Whether the circuit court of Mahaska county could, by stipulation or consent of parties, act as a court in another county, we need not determine, as the record shows no such stipulation or consent.

It is said, however, by plaintiff, that it is not material whether she, as executrix, had authority to execute the lease or not, because the defendants have taken posses-

2. LANDLORD and tenant: possession under void lease: liability for rent reserved.

sion of the land, so far as it was necessary for mining purposes, and have prospected for coal, and have not thus far been prevented from exercising and enjoying the rights which they supposed that they acquired under the lease. She cites and relies upon *Franklin v. Twogood*, 18 Iowa, 515, and *Shawhan v. Long*, 26 Iowa, 488. In the former case, it was held that where a person executes a mortgage to a supposed corporation, he is estopped from denying the fact of incorporation. In the latter case, it was held that a vendor who sells real estate to an executor, receives the purchase money, and executes a deed in accordance with the terms of the contract, is thereby estopped from claiming, in an action brought against him for rents received after the sale, that the purchase was invalid because made by the executor without being authorized by the county court. But in both cases the party setting up the objection had received the entire consideration. In the case at bar, the coal, if any could be found, was yet to be mined, and probably not without a large previous outlay.

Capper v. Sibley et al.

If the lease had no validity, such outlay could not be made with safety. We do not think that the plaintiff can properly say that it is immaterial whether the lease was valid or not.

In our opinion the court erred in allowing the record in question to be introduced, and the judgment must be

REVERSED.