LIDA B. MOORE V. DAVENPORT AND ROCK ISLAND RAILROAD COMPANY, Appellant.

NEWLY DISCOVERED EVIDENCE. Refusal to grant new trial for held to be within sound discretion.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover for personal injuries alleged to have been sustained by the plaintiff in consequence of negligence on the part of the defendant. There was a trial by jury, and a verdict for the plaintiff. A motion for a new trial, filed by the defendant, was overruled, and judgment was rendered on the verdict. The defendant appeals.—*Affirmed.*

*Cook & Dodge* for appellant.

*Bills & Hass* for appellee.

Robinson, J.—The only complaint made by the appellant is that the court did not sustain the motion for a new trial on the ground of newly-discovered evidence. In August, 1892, the defendant owned and operated a street railway in the city of Rock Island and in the city of Davenport, the motive power of which was electricity. The plaintiff claims the material facts to be substantially as follows: On the twentieth day of that month she and her sister, Mary, were on a car of the defendant in the city of Rock Island, and, wishing to alight at a crossing, the bell of the car was sounded to stop. The two ladies then went to the rear platform, and when the car had nearly stopped, Mary stepped off. The plaintiff waited for it to stop, but, instead of doing so, its speed was increased with a jerk, and she was thrown to the ground, and received serious

injuries, of which some are probably permanent. The fall made her unconscious for a few minutes, and when she recovered consciousness her sister helped her to the curbstone, where they sat down, and waited for the next car. The accident happened a little after seven o'clock in the evening. The defendant contends that the accident happened before six o'clock in the afternoon; that the fall did not make the plaintiff insensible, but that she arose readily, with a little help, and that she and her sister walked away laughing; that the accident did not result from any sudden acceleration of the speed of the car, nor from any negligence on the part of the defendant. One C. W. Wilson made an affidavit in support of the motion for a new trial, in which he states that between five and six o'clock in the afternoon of the day of the accident he noticed two young ladies standing on the rear platform of a car near the place of the accident; that one of them stepped off, and the other made a misstep, or tripped, and fell; that she was on the ground but a moment, when she was helped up by her companion; that they went to the sidewalk, and started away, and that he concluded they were not hurt, and paid no further attention to them; and that he is positive that the car did not start up or pitch forward suddenly as the second lady was leaving it. The appellant insists that it is improbable that the two accidents happened at the same place on the same day, within less than two hours of each other, which were in all respects substantially alike; that, if its witnesses are credible, there was no sudden start of the car which caused the accident, and that the plaintiff stepped from a moving car without any sufficient reason for doing so; that the testimony of Wilson would be important as tending to show that there was no sudden start or increase in the speed of the car, which caused the accident, and that it offered no testimony on that point. It may be true that it is not probable that two accidents like that in question would happen at the same place, so nearly together in point of time, but they might have happened easily, and there may have been no material conflict in the testimony of the witnesses who testified in regard to what happened within their knowledge. It was not a case in which the witnesses on both sides cannot be right, but, if they are credible, it is clear that two accidents, instead of but one, actually happened. On the day in question Barnum's circus was exhibiting in Rock Island, and the defendant, to supply the increased demand for cars, had run six or eight, and possibly more than twelve, extra ones, with extra conductors and motormen. The sister of the plaintiff was employed as a stenographer in a saw-mill, and did not stop work until six o'clock. She then went to the place where she and her sister boarded, thirteen blocks from the mill. Some time after her arrival there, she and the plaintiff started together to go to the house of an aunt, named Murphy, for the purpose of accompanying her husband to the evening performance of the circus. The uncle

waited for them until a quarter past seven, and, as they had not then arrived, he went without them. They reached the house after he had left it, but, finding that he was gone, started to return to their boarding place. Before they arrived there, however, they concluded to go back to their aunt's home, and spend the evening there. For that purpose they caused the signal to stop to be given at the time of the accident. At the time, the plaintiff wore a pink dress, a light cape, and a white hat, and her sister wore a light brown dress and a black hat. One of the witnesses for the defendant testified that the accident she saw occurred before six o'clock, and fixes the hour from the fact that her husband, who was a railway conductor, had gone down to mail his reports on the train which left at six o'clock. The witnesses for the defendant who testify to having seen an accident state that the ladies whom they saw concerned in it were dressed in dark colors, and Wilson states in his affidavit that he thinks those he saw wore brown dresses. None of the witnesses for the defendant identify the plaintiff and her sister as the ladies concerned in the accident of which they testify. We are satisfied that the plaintiff sustained very serious injuries, and that she could not have risen from the ground and walked away laughing, with the appearance of being unhurt, as claimed by the defendant. The plaintiff and several others, including her physician, testified in regard to her injuries, and the defendant made no attempt to contradict their testimony, excepting to show that the lady who was seen to fall by its witnesses did not at the time appear to be much hurt. Therefore it does not seem probable that the testimony which Wilson could give would relate to the accident in question, and the court was justified in reaching the conclusion that it would not. The question presented is not merely what certain conflicting evidence proves, and whether the new evidence would strengthen one of the parties to the controversy, but whether it is reasonably certain or probable that the evidence is relevant. It may be true that the court should not have rejected it as irrelevant had it been offered during the trial, but the application for a new trial on account of it may well have been refused, because it was at least of doubtful relevancy, in view of all the evidence submitted on the trial. Whether the testimony of Wilson would not have been cumulative merely, and whether due diligence to obtain it for use on the trial is shown, are serious questions, which we do not find it necessary to decide. We are of the opinion that there was no abuse of the discretion lodged in the court in refusing a new trial, for the reasons we have considered, and its judgment is therefore *affirmed*.