## E. M. FUNK v. CARROLL COUNTY, Appellant.

**Trial Outside of Court House.** Defendant in a law action tried without a jury asked a continuance to take the testimony of a witness who was lying ill at his house in the town where the court was sitting. Plaintiff resisted the application with an allegation that the witness was "within easy reach of the court, *and plaintiff is willing to go to his residence to take his testimony.*" The continuance was denied "conditioned that the testimony of Krause be taken at his residence." To this order and to the taking of the testimony *defendant* excepted. *Held,* on appeal that the taking of said testimony at the house of the witness was error. Code, 192.

**Practice.** Where a cause must be reversed because testimony was improperly taken outside of the court house, the weight of the evidence will not be considered.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

### TUESDAY, OCTOBER 22, 1895.

In 1889, the plaintiff was clerk of the defendant county, and one Lynch was his deputy, and this action is for money paid by the plaintiff for the services of the deputy. There was a judgment for plaintiff, and the defendant appealed.—*Reversed.*

*Geo. W. Korte,* county attorney, for appellant.

*M. W. Beach* for appellee.

Granger, J.—I.  F. W. Krause was a witness for the defendant. At the term at which the cause was tried, Krause was sick, and the defendant made an application for a continuance because of the inability of Krause to attend the court. The application was resisted, and one of the grounds of resistance was, that the witness was

"within easy reach of the court, and plaintiff is will-ing to go to the residence of the witness to take his testimony." The motion was overruled, "conditioned that the testimony of F. W. Krause be taken at his residence." Defendant excepted to the ruling, and the cause was tried to the court without a jury. Dur-ing the taking of the testimony for the defense, the following appears as a part of the record: "And now the court adjourned until 7:30 o'clock P. M., to meet at the private residence of F. W. Krause, in Carroll, Iowa, this evening, when at said time the court convened and proceeded to examine said F. W. Krause as a witness for the defense, he being at the time confined in his house, sick, and unable to attend the trial of said cause in the courthouse. That said defendant, according to the motion for continuance, then and there duly excepted."

This action of the court is assigned as error, and it seems to us that the assignment is well taken. Carroll county is provided with a regular courthouse at the place where the courts were to be held, and that was the place provided by law. Code, sec-tion 173. By section 192, it is provided: "Courts must be held at the place provided by law, except for the determination of actions, special proceedings, and other matters not requiring a jury, when they may, by consent of the parties therein, be held at some other place." In a county where there is a regular courthouse provided and used for the holding of courts, unless by consent of the parties, the court has no authority to adjourn the court to a private house for the purpose of a trial; and if done, the court, so sitting is without jurisdiction. This holding, of course, has no reference to cases arising under Code, sections 173, 174, where the place of holding the court is changed because not suitable. See *State v. Shel-ledy*, 8 Iowa, 477; *O'Hagen v. O'Hagen*, 14 Iowa, 264;

*Casey v. Stewart,* 60 Iowa, 160 (14 N. W. Rep. 225); *Moore v. Railway Co.,* 94 Iowa, 736 (61 N. W. Rep. 992). The danger to result from permitting the court, in the trial of cause, at the instance of a party, against the objections of the other, to leave the place provided by law for the trial, and to go to another place is very manifest. But, independent of questions of propriety, the law fixes the place for the holding of courts for trials, or determines how they are fixed, and when such places are left by the court, as in this case, the authority of the court for the trial is not changed to the other place and the proceedings there are of no effect.

It is said by appellee that appellant is in no position to complain, but we think that it is. His application for a continuance was overruled on condition that the testimony should be so taken, and the appellant excepted to such a ruling. And when the court adjourned to convene at the house, the exception, "according to the motion for a continuance," was taken. The defendant was thus forced to take the testimony, instead of a continuance, to which it was entitled. It is said that the error was in favor of defendant. We do not see how. It is true that it was defendant's witness; but the law determined where it had a right to try the case, including the examination of its witnesses, and the court had no right to compel the examination elsewhere.

The only other question in the case, important to be considered, arises on the evidence or facts. The testimony of Krause cannot, of course, be considered, and hence the evidence is not here as it was below, and, as it is a law action, the cause must be remanded for a new trial. In view of a new trial, we should not consider the weight of the evidence.—*Reversed.*