## S. WHITLOCK v. M. J. WADE, Judge.

**Supersedeas:** FINDING TH T MULCT PETITION IS INSUFFICIENT. A decree declaring that a mulct petition of consent is insufficient is a self-executing decree, not within the statute in reference to a stay during the pendency of an appeal.

STAYING DECREE IN VACATION: *Jurisdiction.* An order by a judge made at a hearing in vacation suspending, during the pendency of an appeal, a decree rendered in term holding a mulct law petition of consent to be insufficient, is beyond the jurisdiction of the judge, and ineffectual, even though no objection to the jurisdiction of the judge to so act is made at the hearing, and though reservation of the right to consider a suspension of the decree was made therein; and it be assumed there was an agreement that decree might be rendered in vacation.

*Certiorari Proceedings, Iowa District Court.*—HON. M. J. WADE, Judge.

### WEDNESDAY, MAY 21, 1902.

THIS is a certiorari proceeding to review the action of the defendant while acting as a judge in vacation. —*Order annuled.*

*Popham & Havner* and *Remley & Ney* for plaintiff.

*Hedges & Rumple, J. T. Beem* and *J. C. Hume* for defendant.

DEEMER, J.—In the year 1900 a statement of general consent to the sale of intoxicating liquors was filed with the county auditor of Iowa county, which was afterward canvassed by the board of supervisors of said county, and on January 21, 1901, the said board found the statement was sufficient, and entered its finding of record. Plaintiff, a citizen appealed to the district court,

and the said appeal was heard by the said court, the defendant presiding. It is said in the return that an agreement was made for a decision in vacation, but as the court did not adjourn finally until September 6, 1901, no mention of this agreement was made in the record of the final decree. After the case was submitted, the trial judge prepared and filed a written opinion in which he held that the statements of consent were insufficient, and ordered an "enrolled decree." Subsequently forms of decree were prepared by counsel on either side of the controversy, and submitted to the defendant for signature. The one prepared by counsel who claimed the statements were sufficient provided for a suspension of the decree in the event an appeal was taken to this court. Objection was taken to the form of this decree, and the defendant notified the attorneys that he would hear them upon the form of the decree. Subsequently the attorneys appeared before the defendant in Johnson county, and he, the defendant, after some objections were made to a hearing before a decree was entered, prepared a decree, which, as we understand, was duly entered of record in the proper county, finding that the statement of consent was insufficient, and ordering the costs taxed against the principals and sureties on the bond given under the provisions of the "Mulct Law." The decree also contained the following: "And now, to-wit, upon the consideration of the form of this decree, appellees ask that the court make an order herein suspending the effect of this decree pending an appeal to the supreme court, and the court holds that the same can be made, if at all, only upon application therefor and a hearing thereof, and leave is given to make such applications; to all of which appellees except. M. J. Wade, Judge Eighth Judicial District." Following out the suggestion contained in this quotation, the defeated party filed an application for a supersedeas, which was entitled as in the district court of Iowa county, but filed, as we under-

stand it, with the defendant as judge. Whitlock appeared before the defendant who was still in Johnson county, acting in his capacity as judge, and filed a motion attacking the application and a demurrer thereto. These pleadings were overruled, and after a hearing the defendant as judge made an order suspending the order theretofore made, and preserving the status of the parties as it was after the board had made its holding, and before the decree reversing its finding had been entered, provided the defeated party made an appeal to this court, prosecuted it with reasonable diligence, and filed a bond as security for costs. It appears that witnesses were brought from Iowa county, and their testimony offered before the judge on the application for a supersedeas. The return to the writ recites that the application was heard at Iowa City, because more convenient for the defendant and the attorneys, on account of the proximity of the large law library of the state university. Plaintiff's attorneys appeared before the judge at Iowa City and made resistance to the application as stated, but no objection was interposed to the jurisdiction of the judge.

The contention is that the defendant as judge had no power or authority to grant the supersedeas or to suspend his former order entered in term time in Iowa county, and that he acted illegally in ordering the same in this case, for the reason that the order was self-executing and could not be stayed. The judgment and order rendered by the court on the appeal was not one which could be superseded. It was self-executing, and no further proceedings thereon were necessary to render it effectual. The provisions of the statute with reference to a stay are not applicable, and the authority for the order must be found in some rule of precedure, independent of statute. *Jayne v. Drorbaugh*, 63 Iowa, 711; *Allen v. Church*, 101 Iowa, 116; *Lindsey v. Clayton Dist. Ct.*, 75 Iowa, 509. It is contended on behalf of defendant, however, that the

district court has inherent power to suspend or supersede its judgments and orders pending an appeal, and that courts of equity have power to suspend and supersede judgments at law pending an appeal. Let this be granted for the purposes of this case,—and we may say, parenthetically, that the proposition is a doubtful one, and one we do not care to pass upon at this time,—still it does not follow that the order made in this case by the judge in vacation and in another county is valid. There is a manifest distinction between a court and a judge,—a distinction well known to the profession and frequently announced in the books. A court has inherent power to do many things which a judge does not possess, and, while a court may set aside an order theretofore made by it, a judge, as such, has no power to vacate, modify, or suspend a judgment or order of the court. The cases cited by the defendant's counsel have no application to the case before us, for the reason that they all refer to the power and authority of the court.

It is said in argument that at the time the original appeal was submitted there was an agreement for a decree in vacation. The record does not recite any such agreement, and the decree itself was rendered in term time. Code, section 319, provides, in substance, that no evidence of an agreement by counsel is receivable except the statement of the attorney himself, his written agreement, signed and filed with the clerk, or an entry thereof upon the records of the court. In view of this statute there is no competent evidence of an agreement for a decision in vacation. But, if there was, the decree was rendered in term time, and the only question left is, had the judge power to reserve in the decree the right to consider the matter of suspending or superseding the judgment upon a hearing in vacation and in another county from that in which the order was entered, in the absence of an agreement of counsel, proved

by competent evidence under the statute?  We think he
had no such power.  There is, as we have said, no compe-
tent evidence of an agreement to submit the application
for a supersedeas to the judge in vacation, and at a place
other than the county seat where the judgment was en-
tered.  True counsel appeared before the judge at the time
the application was submitted, and did not object to the jur-
isdiction; but there is no evidence of an agreement to sub-
mit the case to him at the time the matter was brought on
for hearing.  Such an agreement was jurisdictional, and
without it the judge could do no act which would be bind-
ing on the parties.  A judge in vacation has no authority
except as is expressly given him by statute.  There is no
legislative enactment which confers upon him the power
that was attempted to be exercised in this case.  See, as
sustaining these conclusions, *Gillespie v. See*, 72 Iowa, 345;
*Myers v. Funk*, 51 Iowa, 92; *Funk v. Carroll County*, 96
Iowa, 158; *Hamman v. Van Wagenen*, 94 Iowa, 399; *State
v. Hathaway*, 100 Iowa, 225; *Young v. Rann*, 111 Iowa,
253; *Capper v. Sibley*, 65 Iowa, 754.

The order granting the supersedeas and suspension of
the judgment on appeal from the board of supervisors is
therefore annulled for want of jurisdiction, and the defend-
ant is directed to proceed as if such order had never been
made.—ANNULLED.