STATE OF IOWA, Appellee, v. WALTER RIME, Appellant.

No. 39995.

OCTOBER 15, 1929.

REHEARING DENIED FEBRUARY 14, 1930.

*Jo R. Jaques* and *Buell McCash*, for appellant.

*John Fletcher*, Attorney-general, and *Verne J. Schlegel*, County Attorney, for appellee.

WAGNER, J.—The appellant was indicted, tried, and convicted in Davis County, of the crime of assault with intent to commit murder. The verdict was returned on the 22d day of February, 1929. The district court of said county adjourned *sine die* the following day. At the time when the verdict was returned, the following entry was made by the court:

"Jury return into court at 2:45 A. M., with a verdict finding the defendant Walter Rime guilty, as charged in the indictment. Jury called at request of defendant, and then discharged. Defendant given ten days in which to file a motion for new trial, exceptions to instructions, and a motion in arrest of judgment. The State is given five days thereafter to file any resistance desired. The motions will then be submitted at Fairfield at such time in vacation as can be agreed upon by counsel and the court. Judgment and record entry to be signed and filed in vacation."

At Fairfield, Jefferson County, which is in the same judicial district with Davis County, appellant's motions in arrest of judgment and for a new trial and exceptions to instructions were, on March 18th, overruled by the judge who presided at the trial, and immediately thereafter, the defendant being in the presence of said judge, sentence was pronounced, committing appellant to the penitentiary for an indeterminate period, not to exceed 30 years. The overruling of the motion for a new trial and the pronouncement of judgment were by a writing signed by the judge in vacation, and then forwarded to the clerk of the district court of Davis County, and made of record, said writing and record being as follows:

"Be it remembered that the defendant, Walter Rime, was heretofore convicted by the verdict of a jury of the crime of an assault with intent to commit murder. And the court ordered that the defendant be given ten days in which to file a motion to set aside the verdict for new trial and exceptions to the instructions, the motion then to be heard in vacation at Fairfield, Iowa, at such time as counsel and the court could agree, and decision on the motion, with judgment, sentence, and record entry, if the motion be overruled, should be entered and filed in vacation. Be it further remembered that the case now

coming on for hearing on defendant's motion for new trial, pursuant to the order of the court, the defendant being personally present, with his counsel, and the court having heard the argument on the motion, it is ordered that the motion for new trial be, and it is, overruled. To which ruling the defendant at the time excepts. The cause then coming on for judgment and sentence, and there appearing no good cause why judgment and sentence should not now be pronounced against the defendant, it is ordered and adjudged that the defendant Walter Rime be confined in the penitentiary, at Fort Madison, Iowa, at hard labor, for an indeterminate period not exceeding 30 years, and pay the costs of prosecution. It is further ordered that an appeal bond to the Supreme Court be fixed at $2,500. To all of which judgment, sentence, and orders the defendant at the time excepts.''

A similar writing was signed by the judge at the same time, overruling the motion in arrest of judgment, and in like manner made of record in the clerk's office of Davis County.

It is appellant's contention that the judge, in vacation, was without authority, or had no power to pass upon the motions and to pronounce judgment; that said acts were without jurisdiction.

Under our statutory law, Section 13995 of the Code of 1927, an appeal in criminal cases can only be taken from the final judgment. The question naturally arises, If the judgment be void, is it a final judgment that is appealable? We have so held. See *Petty v. Durall*, 4 G. Greene (Iowa) 120; *State v. Olsen*, 180 Iowa 97.

The jurisdiction of this court to entertain the appeal is in no way questioned by the State, and under Section 12885 of the Code, all objections to the jurisdiction of this court to entertain an appeal must be made in written form, stating specifically the ground thereof and served upon the appellant or his attorney of record, not less than ten days before the day assigned for the submission of the cause.

It is, therefore, apparent that, although the judgment may be void for want of jurisdiction on the part of the judge, in vacation, to pronounce the judgment, the matter is properly before us for our determination.

Did the judge, in vacation, at Fairfield, after the adjourn-

ment *sine die* of the Davis County court, have jurisdiction to pronounce judgment? The attorney-general, in his argument, contends that the appellant has been in no way prejudiced. The question presented is not as to whether prejudice has resulted to the appellant, but is one of jurisdiction. The general rule is that all judicial business must be transacted in open court, and the authority to transact such business of the court by a judge in vacation is exceptional, and does not exist unless expressly granted by statute. The appellant was found guilty of a charge contained in an indictment returned by the grand jury of Davis County. Section 13951 of the Code provides:

"Upon a * * * verdict of guilty, * * * the court must fix a time for pronouncing judgment, which must be at least three days after the verdict is rendered, if the court remains in session so long, or, if not, as remote a time as can reasonably be allowed; but in no case can it be pronounced in less than six hours after the verdict is rendered, unless defendant consent thereto."

Under the plain provisions of this statute, it was the duty of the court to fix the time for the pronouncement of judgment by it (the court). There is no authority under said section for the pronouncement of judgment by a judge in vacation. It is provided by Section 10793 of the Code that, upon final adjournment of the court, all business not otherwise disposed of shall stand continued. The pronouncement of judgment upon a verdict of guilty of a charge contained in an indictment is a duty to be performed by the court in regular session, and not by a judge in vacation. The attorney-general, in his argument, states that the trial court evidently relied upon Section 13671 of the Code. Sections 13666 to 13671, inclusive, of the Code are identical with Sections 5239-n to 5239-o, inclusive, of the 1913 Supplement to the Code, as amended by provisions of Chapter 229, Acts of the Thirty-eighth General Assembly. Said sections constitute a portion of the provisions of the County Attorney's Information Law, and the judgment which can be rendered in vacation by reason of the provisions of Section 13671 of the Code is only a judgment on a written plea of guilt to a county attorney's information. Thus it is manifest that the judge sitting in chambers at Fairfield was without jurisdic-

tion to pronounce judgment, and said pretended judgment is a nullity. The mere fact of appellant's presence before the judge, in vacation, at the time of the pronouncement of the sentence, did not give said judge jurisdiction, in the absence of statutory authority, for the act of the officer.

Did the judge, in vacation, at Fairfield, after the adjournment *sine die* of the Davis County court, have jurisdiction to pass upon the motions and exceptions to the instructions? We answer in the negative. The State in its argument gives us no basis upon which it claims that the action of the judge was authorized or warranted. There is no authority for the court to order a submission of the motions in vacation. Section 10794 of the Code provides:

"With consent of parties, actions and other matters pending in the courts * * * may be taken under advisement by the judges, decided and entered of record in vacation, or at the next term; if so entered in vacation, they shall have the same force and effect from the time of such entry as if done in term time."

All the provisions relating to mode and manner of the trial of civil actions apply to the trial of criminal actions. Section 13845 of the Code. Said sections are not authority for the action of the court in the instant case, in ordering the submission of the motions to him (a judge) in vacation. The motions and exceptions had not been filed at the time when the entry was made. The court, at that time, had no pending matter to take under advisement, for the manifest reason that the motions and exceptions had not been submitted, and could not be submitted until the preparation of the same. There was nothing submitted to the court, at that time, requiring consent of the parties that it be determined in vacation.

We need not determine whether, by agreement of the opposing parties, the motions and exceptions could have been submitted and ruled upon by the judge in vacation; for it is not shown by the record that there was any such agreement, after they were prepared and ready for submission. The judge, in the judgment entry signed at Fairfield, refers to the submission of the motions as having been made under order of the court, and not as having been made by agreement of the opposing parties. While, under Section 10922 of the Code, an attorney

has power to bind his client to an agreement in respect to any proceeding within the scope of his proper duties and powers, no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement, signed and filed with the clerk, or an entry thereof upon the records of the court. The mere fact of the appearance of the attorneys and the defendant before the judge at Fairfield is not sufficient to constitute an agreement between the opposing parties for the submission of the motions. Their submitting to an unwarranted order by the court did not give the judge, in vacation, jurisdiction. See *Whitlock v. Wade*, 117 Iowa 153. In the cited case, we said:

"True, counsel appeared before the judge at the time the application was submitted, and did not object to the jurisdiction; but there is no evidence of an agreement to submit the case to him at the time the matter was brought on for hearing. Such an agreement was jurisdictional, and without it the judge could do no act which would be binding on the parties. A judge in vacation has no authority except as is expressly given him by statute."

Thus it is apparent that the provisions of Section 10794 of the Code are not applicable, as nothing had been submitted at or prior to the time of the entry by the court on February 22d. It is also apparent that there is no competent evidence of an agreement between the opposing parties for the submission of the motions to the judge on March 18th. Therefore, the action of the trial judge in ruling upon the motions and exceptions to instructions in vacation at Fairfield was without jurisdiction.

Many other alleged errors are assigned by the appellant, but they all arise upon claimed erroneous rulings in overruling the motion in arrest of judgment, the motion for a new trial, and the exceptions to the instructions. Since, under the record, the pronouncement of judgment and rulings of the judge at Fairfield were without jurisdiction, it is apparent that the motions and exceptions have not been passed upon by the trial court. This court is only a court of review. The motions and exceptions must still be submitted to and passed upon by the trial court. What those rulings may be, cannot be known in

advance. Any opinion expressed by us at this time as to the propositions arising on the motions and exceptions would necessarily be only advisory. After the trial court shall have passed upon the motions and exceptions, and entered judgment, the defeated party will then have the right to appeal therefrom. In that manner, any error committed by the court in passing upon the motions and exceptions can then be properly presented to us for our determination.

We therefore remand the case to the district court of Davis County, with directions to entertain and pass upon the motions and exceptions to the instructions, and thereafter, to enter judgment in accordance with the rulings which may be made thereon.—*Remanded, with directions.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.