## WILLIAMS *v.* REUTZEL.

Opinion delivered January 12, 1895.

*Courts—Meeting at unauthorized place.*

Where an election on the question of the removal of a county
seat was adjudged by the county court adversely to the removal,
but at a subsequent term that court attempted to set aside its
judgment, and to declare that the county seat was removed,
the latter order was *coram non judice* and void, and county
warrants issued by a pretended county court sitting in the
place to which the county seat was so attempted to be re-
moved were void.

Appeal from Sebastian Circuit Court, Fort Smith
District.

EDGAR E. BRYANT, Judge.

*J. B. McDonough* for appellant.

1. The warrants were void, because issued without
authority of law. Greenwood was the county seat, and
there was no law authorizing a county court to be held
at Fort Smith. 28 Ark. 202; Gould's Dig. secs. 17 and
18, p. 297; Mansf. Dig. sec. 1163. The holding of a
court at a place or time not prescribed by law, and all
proceedings thereunder, are *coram non judice* and void.
48 Ark. 155; 20 *id.* 77; 27 *id.* 349; 32 *id.* 687; 27 *id.*
414; 22 *id.* 369; 49 *id.* 227; 9 Col. 258; 10 Pet. 477; 10
Neb. 327; 55 Ark. 325. The order for the removal was
*void ab initio*, and the doctrine of a *de facto* court does
not apply. 1 J. J. Marsh. 206; 25 Ia. 15; 21 Ohio. St.
610; 9 Wis. 240; 10 Mich. 250; Cooley, Const. Lim. 750,
751 and note; Dillon, Mun. Corp. sec. 276.

2. The clerk has no authority to issue warrants
without an order of court, and no order of court is
shown. Mansf. Dig. sec. 1415; 25 Ark. 267.

BATTLE, J. On the 11th day of February, 1892,
Casper Reutzel filed a petition in the Sebastian circuit

court, for the Fort Smith district, by which he sought to compel John F. Williams, as collector of· Sebastian county, to receive certain county warrants in payment of the county taxes assessed against his property for the year 1891. He stated, among other things, that he was a resident and tax payer of the Fort Smith district, and the owner of certain warrants upon the treasurer of Sebastian county. The warrants are copied in the petition, and are in the same form. A copy of one will be sufficient to show how they were written. It is as follows :

"$20.00        Sebastian County Court, July Term, 1871.
                        Allowed 22 July, 1871.
Treasurer of the County of Sebastian :

Pay Casper Reutzel or bearer the sum of twenty dollars and .......... cents, out of any money in the treasury appropriated for the support of paupers.

Given at Fort Smith, this July 22, 1871.
Teste:                        William Patterson, Clerk."

In respect to these warrants the petitioner used this language : "That the county court of Sebastian, at the time of the issuance of the aforesaid warrants given at Fort Smith, was sitting at Fort Smith, under and by virtue of and in accordance with an act of the General Assembly of the State of Arkansas, entitled 'An act to amend an act to repeal chapter 44 of Gould's Digest, and for other purposes,' approved March 16, 1869, and the order and judgment of the county court of said county made on the 10th day of January, 1870, declaring the county seat of said county removed to Fort Smith." He further stated that he had tendered these warrants to John F. Williams, as collector of Sebastian county, for the Fort Smith district, in payment of the taxes assessed against his property for the year 1891, and the collector refused to receive the same.

The defendant answered, and, among other things, said "that they (the warrants) were issued without authority of law, and without any court being in session; that, at the time of the supposed issuance of said warrants, there was no court in session."

Upon the issue made by the allegation in the defendant's answer, which we have copied, the facts, as shown by the evidence, appear in *Patterson* v. *Temple*, 27 Ark., on pages 212 to 217, inclusive. Upon these facts the circuit court found in the following language: "That, at the time of the issuance of the said warrants, the county court of said county of Sebastian was sitting at Fort Smith, under and by virtue of an order of said county court made on the 10th day of January, 1870, and an act of the General Assembly, approved March 16, 1869, removing the county site of said county to Fort Smith"; and further found that the warrants were legally issued, and ordered the collector to receive them in payment of the county taxes of the petitioner; and the defendant appealed.

We infer from the petition, evidence and the findings of the court that the warrants in question were issued upon orders or judgments of the Sebastian county court rendered while it was sitting at Fort Smith. The beginning of each warrant, with the name of the court, the term thereof, and the time when allowed, indicates this. When considered in connection with the admission in the petition that the county court of Sebastian, at the time they were issued, was sitting at Fort Smith, under an order adjudging that city to be the county seat of the county, and the fact that the date of the signing by the clerk appears at the end of each warrant, this meaning is obvious. County warrants are not allowed by the clerk, but by the county court. Hence the date of the allowance must have been made to show the date of the order or judgment upon which

they were issued. We infer from its findings of facts that the circuit court reached the same conclusion.

In every county of this State there is, and must be, a county seat. At it the county court is required to erect a good and sufficient court house and jail. The county, circuit and other courts held for the county must sit there. There is no other place designated by law for that purpose. The name "county seat" indicates the object of its creation. It is, as defined by the Century Dictionary, "the seat of government of a county; the town in which the county and other courts are held, and where the county officers perform their functions." When the county seat of a county is removed, and the needful public buildings are made ready for the several courts holden at the county seat and the respective officers, the next and succeeding terms of the county court and the circuit court and all the other courts for said county of superior or general jurisdiction are required to be held at the new county seat.

It has often been held by this court that "the meeting together of the judge and officers of a court at the place, but not at the time, fixed by law for holding the court, was not a court under our constitution and law, but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void." *Dunn* v. *State*, 2 Ark. 252; *Brumley* v. *State*, 20 Ark. 77; *Scott* v. *State*, 22 *id.* 369; Ex parte *Jones*, 27 *id.* 349; *Chaplin* v. *Holmes*, 27 *id.* 414; *Graham* v. *Parham*, 32 *id.* 687; *Grimmett* v. *Askew*, 48 *id.* 155; *Neal* v. *Shinn*, 49 *id.* 227. This rule is applicable to the proceedings of a court held at a place not authorized by law. The object of the law in both cases is the same. That object is certainty, and to prevent a failure of justice by reason of parties concerned or affected not knowing the time or place of holding courts. The effect, therefore, of the failure to comply with the rule in each case is the same. *State* v. *Roberts*, 8 Nev.

239; *Dalton* v. *Libby*, 9 *id.* 192; *Cooper* v. *Am. Central Ins. Co.* 3 Col. 318; *Wicks* v. *Ludwig*, 9 Cal. 173; *Witt* v. *Henze*, 58 Wis. 244.

It has, however, been held that the judgment of a court having jurisdiction of the person of the defendant and of the subject matter of the suit will not be held void, in a collateral proceeding, upon proof being made that it was rendered at a place other than the established seat of justice of the county, "when it is shown that all the houses at the latter place had, before the rendition of the judgment, been destroyed by fire, and that the county court had accepted, as a temporary seat of justice, the place at which the judgment was rendered." It was so held because the county court in that case, whose duty it was to provide a place for the holding of courts, had secured and set apart for that purpose the house in which the court was held, and, having done so in the exercise of its jurisdiction, its action was valid against a collateral attack. *Herndon* v. *Hawkins*, 65 Mo. 265; *Lee* v. *State*, 56 Ark. 4; *Hudspeth* v. *State*, 55 Ark. 323. But the same principle does not apply in this case. Here an election had been ordered by the Sebastian county court to determine whether the county seat of Sebastian county should be removed to Fort Smith. The election was held, and it was thereby decided in the negative, according to the law then in force. The county court so held and adjudged. About one year after this, and after the term at which the order was made had expired, the court attempted to set aside its final order, made at a previous term, and declared that the county seat was removed from Greenwood to Fort Smith. It had no power or authority to do so, and the order by which it attempted to exercise such jurisdiction was null and void; and it was so held by this court in *Patterson* v. *Temple*, 27 Ark. 202.

At the time the orders under which the clerk issued the warrants in question were made, Greenwood was the county seat of Sebastian county. There was no law authorizing the holding of a county court at Fort Smith. The warrants are consequently void.

The judgment of the circuit court is therefore reversed, and the petition denied.

Bunn, C. J., being absent, did not participate in the consideration of this case.