Selleck, Respondent, vs. The City of Janesville, Appellant.

*May 7 — June 23, 1898.*

*Circuit courts: Place of holding: Taking testimony of party at her home: Immaterial errors: Hypothetical questions: Damages for personal injuries: Mistakes of physician.*

1. Although our statutes do not expressly require the circuit court to be held at the county seat, it would be error to hold it elsewhere, except in cases prescribed by statute.

Selleck vs. The City of Janesville.

2. At plaintiff's request, on the ground that she was unable to attend the trial, the judge and jury, with the sheriff and the attorneys of both parties, went to her home some fifteen miles from the county seat, and she there testified before them as a witness in her own behalf and was cross-examined by defendant's attorney. This was done against the objection of defendant's attorney, who offered to waive notice and allow plaintiff's deposition to be taken in the ordinary way and read on the trial. *Held*, that the taking of plaintiff's testimony in this manner is not to be regarded as a proceeding had in open court, and did not deprive the court of jurisdiction or nullify its judgment, but was at most a mere irregularity which did not affect the substantial rights of defendant and should therefore be disregarded on appeal. BARDEEN, J., dissents.

3. Allowing the plaintiff in an action for personal injuries to exhibit her actual condition to the jury by lying on a lounge, with her physician attending her, when her testimony was taken, and allowing her daughter to weep, are not grounds for reversal of a judgment in her favor.

4. The mere fact that hypothetical questions put to a medical expert are in part based upon his personal examination and knowledge does not make them objectionable.

5. If one who has been injured through the negligence of another exercises ordinary care in the selection and employment of a physician, the mistakes of such physician will not preclude the recovery of full damages, even though by reason of such mistakes the damage sustained was not diminished as much as it otherwise should have been.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Horace McElroy,* attorney, and *Wm. Ruger,* of counsel, and a brief in reply by *F. C. Burpee,* attorney, and *Wm. Ruger,* of counsel, and the cause was argued orally by *Mr. Ruger* and *Mr. Burpee.* They contended, *inter alia,* that the testimony strongly tends to show that plaintiff's long-continued suffering, and the present diseased condition of her nervous system, are attributable to the negligence or unskilfulness of her physician, in failing to reduce the dislocation of her ankle at the proper time. This result was not the natural and proximate se-

quence of defendant's negligence.  Where there were two
antecedent wrongs, so far operative that if either had been
wanting the result would not have ensued, the law looks to
the immediate or nearest of such causes, and regards it as
the proximate and sole cause, and holds the wrong-doer to
whom it is imputable solely responsible.   1 Suth. Dam. 18–
21; 5 Am. & Eng. Ency. of Law, 6–10; Wharton, Neg.
§§ 87, 97, 134–140; Cooley, Torts (2d ed.), 68–71; *Brown v.
C., M. & St. P. R. Co.* 54 Wis. 342, 354–360; *Sheridan v.
Bigelow,* 93 id. 426; *Bartlett v. Boston G. L. Co.* 117 Mass.
533, 538, 539.

For the respondent there was a brief by *Fethers, Jeffris,
Fifield & Mouat,* and oral argument by *O. H. Fethers* and
*M. G. Jeffris.*   To the point that the charge of the trial
court in respect to mistakes of the attending physician was
correct, they cited *Loeser v. Humphrey,* 41 Ohio St. 378;
*Page v. Bucksport,* 64 Me. 51; *Lyons v. Erie R. Co.* 57 N. Y.
489; *Tuttle v. Farmington,* 58 N. H. 13; *Stover v. Bluehill,*
51 Me. 439; *Bardwell v. Jamaica,* 15 Vt. 438; *Collins v.
Council Bluffs,* 32 Iowa, 324; *Rice v. Des Moines,* 40 id. 638;
*Eastman v. Sanborn,* 3 Allen, 594; *Nagel v. M. P. R. Co.* 75
Mo. 654, 42 Am. Rep. 418; *Pullman Palace Car Co. v.
Bluhm,* 109 Ill. 20, 50 Am. Rep. 601; *Reed v. Detroit,* 108
Mich. 224; *McNamara v. Clintonville,* 62 Wis. 207.

CASSODAY, C. J.   This is an action to recover damages for
personal injuries sustained by reason of an alleged defective
sidewalk on the westerly side of South River street, in Janes-
ville, about 1 o'clock in the afternoon of October 18, 1893.
Issue being joined and trial had, the jury returned a verdict
in favor of the plaintiff, and assessed her damages at $5,000.
From the judgment entered thereon the defendant brings
this appeal.

It appears from the record that after the cause came on
for trial, May 17, 1897, and the jury had been sworn, the

plaintiff's counsel stated to the court, in substance, that the plaintiff, who resided near Evansville, was unable to attend the trial at the court house, and asked leave to take her testimony, and requested that the presiding judge and the jury be present at her home at the taking of her testimony; that the defendant objected to such request, and to having any part of the cause tried away from the court house, and then offered to waive any objection as to notice, and to consent to take her deposition in the ordinary way, and allow it to be read on the trial. The court, however, granted the plaintiff's request, to which the defendant excepted; and thereupon the presiding judge and the jurors sworn in the case were taken to the plaintiff's home, near Evansville, in charge of the sheriff; and the plaintiff was carried into their presence upon a lounge, and was sworn and testified as a witness in her own behalf while so lying upon the lounge and being administered to by her physician. Error is assigned because such testimony of the plaintiff was so taken at her home, in the presence of the jurors and the presiding judge, instead of being taken in the court house in Janesville.

The statute provides that: "Each county shall at its own expense provide at the county seat, a court house, . . . and keep the same in good repair. Until such court house be provided or when the court house shall from any cause become unsafe, inconvenient or unfit for holding court, the county board shall appoint some other convenient building, at the county seat, for that purpose temporarily; and such building shall then be deemed the court house for the time being for all purposes." S. & B. Ann. Stats. sec. 656. The statute also provides that whenever it shall be deemed unsafe or inexpedient by reason of certain calamities, therein mentioned, to hold any court at the time and place appointed therefor, the justices or judges of the court may, by an order in writing, appoint any other place within the same county,

Selleck vs. The City of Janesville.

and any other time for holding the same; and the said adjourned session shall be taken as part and continuance of the term, and all proceedings in the court may be continued at the adjourned times and places, and be of the same force and effect as if the court had continued its session at the place it was holden before such adjournment. S. & B. Ann. Stats. sec. 2574.

This court has held "that a county can only have one county seat, and that the court house must be at the county seat, except in the special cases prescribed, when from necessity courts may be temporarily held elsewhere." *Pepin Co. v. Prindle*, 61 Wis. 307. To the same effect, *Board of Comm'rs of White Co. v. Gwin*, 136 Ind. 562. It will be observed that our statute does not expressly require the circuit court to be held at the county seat, as in some of the states (*Funk v. Carroll Co.* 96 Iowa, 158), nor as required of the county courts in this state (R. S. 1878, sec. 2440). Nevertheless it would certainly be error to hold a circuit court at a place other than the county seat, except in cases prescribed by statute. We cannot regard the proceeding at the home of the plaintiff as being taken in open court, although it must be regarded as a proceeding in the action. The important question is whether the irregularity in the manner of taking the plaintiff's testimony was such as should work a reversal. There is no pretense that she was not regularly sworn before giving her testimony, nor that any of the jurors or the presiding judge was absent during any portion of the time her testimony was being taken, nor that the defendant's counsel did not have and exercise the full opportunity to cross-examine her at length. The proceeding was somewhat similar to a view of "the premises or place in question, or any property, matter or thing, relating to the controversy between the parties," by the presiding judge and jury, which a trial court, in a proper case, is expressly authorized by statute to order. R. S. 1878, sec. 2852. While we may not be willing to go to the

extent of some courts in upholding trials and adjudications had outside of the court house, yet the authorities are ample to support the proposition that the taking of the plaintiff's testimony in the manner indicated did not deprive the court of jurisdiction, nor nullify the judgment, but was, at most, an irregularity. *Le Grange's Lessee v. Ward*, 11 Ohio, 257; *Mohon v. Harkreader*, 18 Kan. 383; *State v. Peyton*, 32 Mo. App. 522; *Bates v. Sabin*, 64 Vt. 511; *Reed v. State* (Ind. Sup.), 46 N. E. Rep. 135.

Being a mere irregularity, the question recurs whether it is such an error as should work a reversal. The statute expressly requires this court to disregard any error in the proceedings which does not affect the substantial rights of the adverse party, and declares that no judgment shall be reversed or affected by reason of such error. R. S. 1878, sec. 2829. This court has applied that statute in cases too numerous to mention. In our judgment, the substantial rights of the defendant were not prejudiced or affected by the taking of the plaintiff's testimony in the manner indicated. The theory of counsel seems to be that the plaintiff's appearance upon the lounge, with her attending physician, may have created sympathy on the part of the jury; but that is just as likely to occur in any case where the injured party appears in court as a witness upon the trial. If the condition and appearances of such party are genuine, then there is no good reason for concealing them. If, on the contrary, they are feigned, then the jury are quite likely to detect the pretension; and so the influence is liable to operate against the party, as well as in his favor, according to the facts. We must hold that the taking of the plaintiff's testimony in the manner indicated, although irregular, is not reversible error. We perceive no error in allowing the plaintiff to exhibit her actual condition to the jury, nor in allowing her daughter to weep.

Error is assigned by reason of exceptions taken to certain

hypothetical questions put to the physicians. These questions are lengthy. It is enough to say that they appear to contain nothing but what is supported by evidence. Upon objection being made, counsel were informed that if there was anything as to the plaintiff's condition not embraced in the question, and the defendant's counsel would point it out, then it might be added, but nothing additional was suggested. The criticism that the question was indefinite is without foundation. The mere fact that the questions were in part based upon the personal examination and knowledge of such physicians did not make them objectionable. The rules of law applicable to such questions have frequently been stated by this court in cases cited by the respective counsel, and need not be restated here. *Quinn v. Higgins,* 63 Wis. 664; *Kreuziger v. C. & N. W. R. Co.* 73 Wis. 158; *Smalley v. Appleton,* 75 Wis. 18; *Vosburg v. Putney,* 80 Wis. 523; *Zoldoske v. State,* 82 Wis. 580; *Louisville, N. A. & C. R. Co. v. Wood,* 113 Ind. 544; *Louisville, N. A. & C. R. Co. v. Falvey,* 104 Ind. 409.

Error is assigned because the court charged the jury that: " The plaintiff is not held responsible for the errors or mistakes of a physician or surgeon in treating an injury received by a defect in the street or sidewalk, providing she exercises ordinary care in procuring the services of such physician. Where one is injured by the negligence of another, or by negligence of a town or city, if her damages have not been increased by her own subsequent want of ordinary care she will be entitled to recover in consequence of the wrong done, and the full extent of damage, although the physician that she employed omitted to employ the remedies most approved in similar cases, and by reason thereof the damage to the injured party was not diminished as much as it otherwise should have been." Such charge is certainly supported by authority as well as reason. *Loeser v. Humphrey,* 41 Ohio St. 378; *Louisville, N. A. & C. R. Co. v. Falvey,* 104 Ind.

411, 424; *Reed v. Detroit*, 108 Mich. 224; *Pullman Palace Car Co. v. Bluhm*, 109 Ill. 20; *Rice v. Des Moines*, 40 Iowa, 638; *Stover v. Bluehill*, 51 Me. 439; *Tuttle v. Farmington*, 58 N. H. 13; *Boynton v. Somersworth*, 58 N. H. 321; *Lyons v. Erie R. Co.* 57 N. Y. 489; *Bardwell v. Jamaica*, 15 Vt. 438. The wrongdoer may well anticipate that the person injured will employ a physician or surgeon, and in doing so will exercise ordinary care in making the selection; but, where that is done, such person cannot be expected to assume the responsibility of the very highest degree of skill. This court has gone so far as to hold that, "where personal injuries result proximately from negligence or other tort, the wrongdoer is liable for the damages actually sustained, although they are increased by a tendency to disease on the part of the person injured." *McNamara v. Clintonville*, 62 Wis. 207.

This disposes of the principal errors assigned. Others are mentioned, but they are not such as require particular consideration. They must be regarded as overruled. Certainly there is evidence sufficient to sustain the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J. The record in this case shows that, after the trial had commenced, at the request of plaintiff's counsel the judge, the attorneys on both sides, the reporter, together with the jury and the sheriff, left the court house, in the city of Janesville, and proceeded to Evansville, some fifteen miles away, and continued court proceedings at the home of the plaintiff, by taking her testimony in the same manner as though present in court. This was done against the protest of defendant's counsel, and in the face of an offer by them to go and take the deposition, waiving any objection to its use at the trial. The majority opinion virtually concedes that *court* proceedings can only be lawfully had at the place duly

appointed for holding such court. While there is no express
statutory provision saying that the courts shall be held at
the county seat, the fact that they have been so held since
the state was organized, and the further fact that authority
is given by law to the judge to appoint some other place to
hold court than the place usually designated therefor, implies
that it cannot be changed except for the causes stated in the
statute. R. S. 1878, sec. 2574. The implication thus arising
is as potent and binding as though there had been an express
prohibition in the statute against the itineracy of the court.
The mischiefs that might arise from permitting a court to
assume a vagrant character, and to travel from place to
place, are so manifold that it requires no argument for their
demonstration. It needs but the suggestion of the fact to
bring to the mind a panorama of trouble that might follow,
fatal alike to the rights of parties and to the dignity of the
court.

So far as I can discover, courts have uniformly held that
the acts and proceedings of a court outside of the place ap-
pointed by law for holding the same are void. The law is
so stated in *Board of Comm'rs of White Co. v. Gwin*, 136
Ind. 562; and this conclusion is in harmony with good sense
and sound reason. See, also, *Williams v. Reutzel*, 60 Ark.
155; *Funk v. Carroll Co.* 96 Iowa, 158. I desire to empha-
size the fact that such proceedings are void, as distinguished
from irregularities, because, as I view it, this court has mis-
takenly treated the procedure of the trial court in this case
as a mere irregularity. The theory upon which this branch
of the case was disposed of is that the proceeding of the
trial court amounted simply to the taking of the deposition
of plaintiff,— an irregularity or error in discretion, cured by
the beneficent provisions of sec. 2829, R. S. 1878. This con-
clusion is not in harmony with the record. The testimony
of plaintiff was taken the same as if she were in open court
at the proper place, but in fact at a farm house more than
fifteen miles distant from the county seat. There is no pre-

tense of its having been offered as a deposition. The proceeding was nothing, if not a proceeding in court. If a deposition, it was contrary to every rule of procedure, and inadmissible against defendant's objection. It was a proceeding contrary to every rule of correct practice, prejudicial to defendant's rights, and derogatory to the dignity of the court. It was a complete departure from the ordinary course of legal procedure, and without right or authority. If the proceeding was void, it cannot be cured by resort to the statute. It tinctured the whole case with error so plain and palpable as to render the judgment utterly void. Because of its flagrancy, and lest it become a precedent for future departures from correct practice by trial courts, I desire to here enter my protest against glossing it over or excusing it as an irregularity.