## H. H. BELL v. JAMES JARVIS.[1]

### May 11, 1906.

### Nos. 14,790—(170).

**District Court.**

   The district courts of this state have no authority or jurisdiction to convene for the trial of actions or proceedings involving issues of fact at any place in the county other than the county seat, except by the consent of the parties, or where expressly so authorized by statute.

**Election Contest.**

   The trial of a contested election proceeding at the city of East Grand Forks, in Polk county, that city not being the county seat, against the objection and exception of one of the parties, *held* reversible error.

**Waiver of Objection.**

   The objection to the trial at that place was not waived by subsequently taking part in the proceedings.

The city council of East Grand Forks, acting as a canvassing board, having decided and declared James Jarvis to be elected to the office of alderman of that city, H. H. Bell, a qualified elector, appealed to the district court for Polk county in behalf of August Borchers, the rival candidate. Issues were framed and the case was tried at the city of East Grand Forks (which is not the county seat), over the objections of the contestee, before Watts, J., who found in favor of contestant and awarded the election to Borchers. From a judgment entered pursuant to the findings, contestee appealed. Reversed and new trial granted.

   *F. C. Massee* and *G. A. E. Finlayson,* for appellant.
   *H. A. Bronson* and *D. T. Collins,* for respondent.

BROWN, J.

   Contest for the office of alderman of the First ward in the city of East Grand Forks, Polk county. Contestant had judgment awarding the office to August Borchers, from which contestee appealed to this court.

[1] Reported in 107 N. W. 547.

. Several errors are assigned and discussed in the briefs, but in the view we take of the case it becomes necessary to cover by the opinion one question only, viz., whether the court below had authority and jurisdiction to hear and try the contest proceedings at the city of East Grand Forks; it being the contention of appellant that the proceedings could not be tried at any place in the county other than at Crookston, the county seat. As our conclusion upon this question results in a reversal of the case, we may say, in view of a new trial in the court below, that no other reversible errors are disclosed by the record.

Notice of the contest was filed with the clerk of the district court on November 20, 1905, and upon information thereof being given to the judge of that court he announced that he would hear the case at the city of East Grand Forks on December 28, following. No special term of court was called for the purpose, but at the time and place appointed the judge called the case for trial. Appellant appeared before the court specially and objected to the trial being had at that place, on the ground that the court could convene for the purpose of the trial of issues of fact only at the county seat. The objection was overruled, the case tried, and judgment ordered for respondent, awarding him the office in dispute.

We have no statute in this state expressly requiring district courts to sit for the trial of actions or the transaction of other judicial business at the county seat; but there can be no question that the court is not authorized to hear or determine issues of fact at any other place, except when authorized so to do by statute or consent of the parties. The county seat is the proper place for the transaction of all public business, including such judicial business as arises in the county, except the hearing by the presiding judge of issues of law, ex parte applications, or such matters as may properly be brought before the court in chambers or vacation. All the authorities to which our attention has been called hold that the court is without jurisdiction, at least in actions where issues of fact are involved, to proceed elsewhere, and that a trial conducted at some other place, against the objection of one of the parties, is void. They may be found collected in 21 Enc. Pl. & Pr. 605.

It has always been, not only the understanding, but the practice, in this state that the court must convene for the transaction of its business

at the county seat, except in the instances where it is expressly authorized by statute, or by consent of the parties, to appoint some other place. Its records are all on file with the clerk, who is required by section 857, G. S. 1894, to keep his office at the county seat. A courthouse is provided by the taxpayers at the county seat for the use of the court and other officials; and the district courts of this state have uniformly, since its organization, convened at that place, except when otherwise authorized by statute, as, for example, where the courthouse is destroyed, or unsafe, or unfit for the holding of court, or where no courthouse is provided at the county seat, the judge of the district court may appoint some convenient building in the vicinity of the place where the court is required to be held as a temporary place for the holding thereof. By chapter 233, p. 264, Laws 1899, the district courts of the state are authorized to hold adjourned or special terms at any place in the county for the purpose of granting naturalization papers. By chapter 105, p. 189, Laws 1887, the district court of Otter Tail county is expressly authorized, for the convenience of the parties or with their consent, to convene a term of court for the trial of issues of law and fact at the city of Perham, a place not the county seat. By chapter 112, p. 195, Laws 1887, a like statute was enacted with reference to Stearns county, and the district court of that county was thereby authorized to convene a term of court at Sauk Center.

All this implies that the court is authorized to hear and determine issues of fact at the county seat only, and that it has no authority or jurisdiction to try such issues at any other place. The law on this subject is well expressed by Justice Bardeen in the case of Selleck v. City, 100 Wis. 157, 75 N. W. 975, 41 L. R. A. 563, 69 Am. St. 906, where he said: "While there is no express statutory provision saying that the courts shall be held at the county seat, the fact that they have been so held since the state was organized, and the further fact that authority is given by law to the judge to appoint some other place to hold court than the place usually designated therefor, implies that it cannot be changed except for the causes stated in the statute. * * * The mischiefs that might arise from permitting a court to assume a vagrant character and to travel from place to place are so manifold that it requires no argument for their demonstration. It needs but the suggestion of the fact to bring to the mind the panorama of trouble that might

follow, fatal alike to the rights of the parties and to the dignity of the court"—citing Board v. Gwin, 136 Ind. 562, 36 N. E. 237, 22 L. R. A. 402; Williams v. Reutzel, 60 Ark. 155, 39 S. W. 374; Funk v. Carroll, 96 Iowa, 158, 64 N. W. 768.

But counsel for respondent contends that the election contest, being a special proceeding, does not come within the reason of the rule requiring issues of fact to be tried at the county seat. We do not concur in this view. The contest in this case involved almost wholly issues of fact, and though it may be deemed a special proceeding, still appellant had the undoubted right to insist that it be tried at the county seat. It could be tried only at a general or special term, and was not a proper matter to be heard in chambers or in vacation. Though the decision of the court below on the merits of the contest was sound, the judgment cannot be affirmed on that ground. The appellant's legal rights have been invaded, and unless we are to say that the district courts of the state may convene for the trial of issues of fact at some place in the county other than the county seat, provided a correct decision of the case be reached, it must be reversed. We are not prepared to lay down that rule.

The rule applicable to actions tried in the wrong county applies. Where an action is commenced in one county, and a change of venue is subsequently taken to another, and the court refuses to transfer it, but tries it in the county where originally commenced, over the objection of defendant, the action of the court will be reversed, and the cause sent back for a new trial in the proper county. Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342; Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976. It is immaterial that the court rightly decided the case. Taylor v. Grand Lodge A. O. U. W., supra, page 36.

Appellant did not waive the objection to the trial at East Grand Forks by taking part in the proceedings. He seasonably objected to the trial at that place, and his exception to the ruling of the court was not waived by his subsequent conduct.

Judgment reversed and a new trial granted.