[S. F. No. 9925.    In Bank.—March 28, 1922.]

# VIDA VICK GOULD, Appellant, v. AUGUSTUS C. GOULD, Respondent.

[1] DIVORCE—DISMISSAL—VACATING JUDGMENT.—It is error for the court to vacate its judgment of dismissal of a divorce action where at the time of trial counsel stipulated that notwithstanding the allegation of the residence of the plaintiff contained in the complaint, plaintiff could not furnish the essential proof thereof, and the parties through their counsel consented to the dismissal, and did not ask that the action proceed on the cross-complaint, which alleged the residence of the defendant to be in the county to which the action had been removed and where it was on trial.

[2] ID.—DENIAL OF DIVORCE—CUSTODY OF CHILD.—When a decree of divorce is denied each of the parties, which results from a dismissal of the action by consent, the court is not required to make any order touching the custody of a child.

APPEAL from an order of the Superior Court of Mendocino County vacating a judgment of dismissal. H. L. Preston, Judge. Reversed.

The facts are stated in the opinion of the court.

A. L. Abrahams, P. B. D'Orr and Mannon & Mannon for Appellant.

Augustus C. Gould, *in pro. per.,* for Respondent.

WASTE, J.—The plaintiff appeals from an order of the lower court vacating and setting aside a judgment of dismissal and restoring the case to the calendar to be set for trial.

The plaintiff brought an action against the respondent for a divorce upon a number of grounds. The action was originally filed in the superior court of Los Angeles County, the plaintiff alleging herself to be a resident thereof, and was transferred to the county of Mendocino for the reason that the defendant was a resident of that county. The defendant filed an answer, and a cross-complaint in which he sought the divorce. The matter came on in due time for trial, and on the day set therefor both plaintiff and defendant appeared in open court by their respective counsel. The at-

torneys for the plaintiff thereupon informed the court that the plaintiff was not at the time of the commencement of the action a resident of the county of Los Angeles, and in support of that statement laid before the court the facts, from which it conclusively appeared that the plaintiff was not a resident of the county of Los Angeles at the time she filed her complaint, and could not establish a jursidictional fact essential to making out a case for divorce. (*Flynn* v. *Flynn*, 171 Cal. 746, 749 [154 Pac. 837] ; *Dahne* v. *Superior Court*, 31 Cal. App. 664 [161 Pac. 280].) As bearing on the subsequent action of the defendant what then occurred is important and is as follows:

"Mr. Mannon (Counsel for Plaintiff) : Under these circumstances, your Honor, I am prepared at this time to state that there is the matter of the custody of the child in this action; that Mr. Gould is entitled to have his day in court, therefore I agree at this time that the case may be set for trial and heard right away now. If counsel on the other side consent that my statement is the facts I am ready to submit the matter. I know what the law is and I am satisfied that there is only one thing to do and that is a dismissal and I consent that the action may be dismissed and that the decision of the court may be held over until Monday or some such time. This is not a matter of collusion but gives Mr. Gould his day in court.

"Mr. Witherspoon: Specially appearing for Mr. Gould in this matter I am ready to agree with Mr. Mannon: That Mr. Mannon and I have examined the law very carefully and I am ready to agree that there is only one thing to do. I am asking that the matter be submitted to the court at the present time and that the decision of the court may be reserved until, well, say Monday, and that will give us time in which to shape ourselves with regard to the custody of the child. We ask that the matter be submitted."

The court thereupon continued the matter, and in due time entered a judgment dismissing the action, without making any provision for the custody of the minor child of the parties. Shortly after the entry of the judgment the defendant, through other counsel, moved the court for an order vacating and setting aside, and relieving the defendant from the judgment, upon the ground that the same was entered without authority of law, and through defend-

ant's mistake, inadvertence, and excusable neglect. In his affidavit accompanying the motion, the defendant asserted that he had instructed his former counsel, prior to the time of the submission of the cause, not to agree or stipulate to a dismissal of the action, for the reason that he had been informed by other counsel that the court had jurisdiction of the matter and might hear the testimony and decide the case on the cross-complaint of the defendant, irrespective of whether or not the complaint of the plaintiff was dismissed. The lower court granted the motion to vacate and set aside the judgment. It is from that order that this appeal is taken by the plaintiff.

[1] We are of the opinion that the order vacating the judgment of dismissal was erroneously made and entered. When it appeared to the satisfaction of the trial court, through the stipulation of counsel for the respective parties at the time the case was called for trial, that, notwithstanding the allegation of the residence of the plaintiff contained in the complaint, plaintiff could not furnish the essential proof of residence, and the parties consenting, there was nothing for the court to do but to dismiss the case. The consent of both parties was for a complete dismissal of the action. There was no suggestion that the action might proceed on the cross-complaint of the defendant. The parties were represented in open court by their respective counsel, and, upon an agreed statement of facts, stipulated that the action be dismissed. No fraud was practiced upon either of the parties or upon the court. The defendant was represented by counsel of his own selection, who acted entirely within the scope of their duty as attorneys in the case. There is nothing in respondent's point, made on his motion to set aside the judgment and renewed here, that the judgment was not entered in due accord with the law. Neither is there ground for the claim that the judgment of dismissal was entered through the defendant's mistake, inadvertence, and excusable neglect. It was, therefore, an abuse of discretion on the part of the trial court to set aside the judgment of dismissal. Respondent's efforts to have the judgment set aside result, apparently, from a feeling of dissatisfaction arising from the failure of the lower court to make some provision for the custody of the minor child of the parties before dismissing the action. [2] The ques-

tion as to the proper custody of the child was an element of the case entirely incidental to the main relief sought, dependent alone upon the divorce proceedings. When a decree of divorce was denied either of the parties, and such was the result of the judgment of dismissal, the court was not required to make any order touching that subject. (*Brenot* v. *Brenot,* 102 Cal. 294, 296 [36 Pac. 672].) Aside from the fact that the judgment of dismissal was regularly made and entered, there is another reason why this action should not proceed at the instance of the respondent. While categorically denying the serious charges contained in the plaintiff's complaint, respondent in his verified answer thereto alleges the acts complained of were only apparently committed by him in carrying out an alleged collusive agreement with plaintiff. But we think it sufficiently appears that his denials were true only in form, and not in effect.

The order appealed from is reversed.

Shaw, C. J., Wilbur, J., Richards, J., *pro tem.,* Shurtleff, J., Sloane, J., and Lawlor, J., concurred.