[S. F. No. 11288. In Bank.—February 5, 1925.]

EDNA R. HAMBLIN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUDGMENTS—COLLATERAL ATTACK—COURTS—PLACE OF SITTING — DIVORCE—CONTEMPT—MANDATE.—In a proceeding for a writ of mandate to compel a judge to proceed with a hearing of a contempt proceeding, based upon the refusal of the respondent to make certain payments of alimony and suit money under an interlocutory decree of divorce, the contention that the interlocutory decree is void because the hearing of the case was had at a

1. See 7 R. C. L. 992.
What constitutes collateral attack on judgment, note, 23 **Am. St. Rep.** 104.

place unauthorized by law is a collateral attack upon the judgment.

[2] COURTS—PLACE OF SITTING—CONSTITUTIONAL LAW.—The act purporting to authorize the holding of sessions of the superior court of Los Angeles County at Long Beach is unconstitutional.

[3] ID.—FUNCTIONS OF COURT—ESSENTIALS.—The general rule is that the elements of time and place are as essential to the valid functioning of a court as is the presence of the duly constituted officers.

[4] ID.—HOLDING COURT AT UNAUTHORIZED PLACE—ERROR—VALIDITY OF JUDGMENT—COLLATERAL ATTACK.—While the taking of testimony by a court at an unauthorized place is error redressible by means of a direct attack by motion or appeal, it is not usually regarded as rendering the proceedings absolutely void so as to be vulnerable to a collateral attack.

[5] DIVORCE — DEFAULT—TAKING TESTIMONY—TRIAL.—The taking of testimony in a divorce suit after default of the defendant has been entered does not constitute the holding of a trial in the strict sense of the word, as there are no issues of fact upon which the trial is required, the default of the defendant admitting all the allegations of the complaint and judgment for the plaintiff being authorized except for the requirement of section 130 of the Civil Code.

[6] ID.—EVIDENCE—SECTION 130, CIVIL CODE—JURISDICTION.—The violation of the provision contained in section 130 of the Civil Code, requiring proof to be "taken before the court" in a divorce suit, although the defendant has defaulted, though mandatory, is not jurisdictional, and the failure to comply with it results in mere error correctible only by means of a direct attack by appeal or motion in the same case.

[7] APPEAL — JUDGMENT—PRESUMPTIONS—COLLATERAL ATTACK.—Upon an appeal from a judgment all intendments and presumptions are in support thereof, and this rule applies *a fortiori* in cases of collateral attack upon a judgment.

[8] JUDGMENTS—COLLATERAL ATTACK—DIVORCE.—The general rule is that a judgment of a court of record cannot be collaterally assailed unless it is void on its face, which rule applies equally to a

---

2. Power of court to sit at place other than county seat, notes, 8 Ann. Cas. 939; Ann. Cas. 1917E, 1050. See, also, 7 R. C. L. 993.

4. Validity of proceedings in the course of a trial outside of the courtroom, note, 41 L. R. A. 563.

Right of court or judge to act officially at a certain place to perform an act at another place, note, 33 L. R. A. 87.

8. See 9 Cal. Jur. 750.

judgment of divorce; and a judgment of a court of record is not void upon its face unless the defects which render it void are apparent upon an inspection of the judgment-roll.

(1) 34 **C. J.**, p. 523, n. 64.    (2) 33 **C. J.**, p. 1066, n. 73.    (3) 33 **C. J.**, p. 1066, n. 74.    (4) 34 **C. J.**, p. 532, n. 28.    (5) 38 Cyc., p. 1267, n. 1.    (6) 19 **C. J.**, p. 149, n. 36.    (7) 4 **C. J.**, p. 740, n. 3. (8) 19 **C. J.**, p. 174, n. 53, p. 176, n. 68.

APPLICATION for a Writ of Mandate to compel respondent to proceed with a proceeding in contempt. Writ granted.

The facts are stated in the opinion of the court.

P. B. Dougherty, J. E. Pawson, Underwood, Burke & Cree for Petitioner.

Roy W. Dowds for Respondent.

Edward T. Bishop, County Counsel, Roy W. Dowds and Albert W. Leeds, Deputy County Counsel.

MYERS, C. J.—This is an application for a writ of mandate to compel the respondent court and the respondent judge thereof to proceed with the hearing and determination of a certain contempt proceeding now pending before it, the object of which is the enforcement of the provisions of an interlocutory decree heretofore rendered by said court in a suit for divorce. The facts are undisputed and the matter is submitted for determination upon the allegations of the petition and a general demurrer thereto. Petitioner herein is the plaintiff in whose favor the interlocutory decree above mentioned was rendered in the divorce action. The defendant therein, who was personally served with summons, defaulted, and, his default having been regularly entered, the cause was thereafter assigned to and set for hearing before Department 28 of the superior court of Los Angeles County, sitting at the city of Long Beach, in said county, and was there heard on the day set, at which time and place an interlocutory decree of divorce was ordered by the court in favor of plaintiff, with provision therein for the payment by defendant to plaintiff of certain alimony and suit money. An interlocutory decree in accordance with this order was there-

after signed by the judge and filed in said action in the office of the county clerk of said county in the courthouse at the county seat thereof and was duly entered in the judgment records of said court in said office. Thereafter the defendant therein, having neglected to make the payments so ordered, was cited to appear before the court to show cause why he should not be punished for contempt. When that matter came on for hearing, the respondent judge, being of the opinion that the sessions of court at Long Beach were unauthorized, and that the interlocutory decree was therefore void, announced his refusal to further entertain the contempt proceeding based thereon, whereupon this proceeding was initiated for the purpose of compelling him to proceed with the hearing and determination thereof. It has since been determined that the statute which purported to authorize the holding of sessions of the superior court of Los Angeles County at Long Beach is unconstitutional, as being special legislation (*In re Brady,* 65 Cal. App. 345 [224 Pac. 252]; *In re Seiler,* 194 Cal. 797 [227 Pac. 1116]), and respondent contends that the judgment so rendered is void as a consequence.

[1] This contention on respondent's part is in the nature of a collateral attack upon the judgment (*Howe* v. *Southrey,* 144 Cal. 767, 769 [78 Pac. 259]; see, also, *Crim* v. *Kessing,* 89 Cal. 478, 484 [23 Am. St. Rep. 491, 86 Pac. 1074]), and the question to be determined upon this proceeding, therefore, is whether the judgment so rendered is wholly void or merely erroneous. Respondent suggests that this question has already been determined in and by the two cases first above cited. It is true that those cases, being proceedings in *habeas corpus*, were in the nature of collateral attacks upon the proceedings then pending before the superior court at Long Beach (15 Cal. Jur., p. 46), and the granting of the writ therein might therefore be regarded as an implied adjudication that the court proceedings thus attacked were void. But neither of said cases expressly so holds, and it does not appear to have been the intention of the court in either case to decide this particular question. There was no controversy upon this question in the Seiler case, either in the briefs of counsel or at the hearing. The petitioner therein asserted that the statute purporting to authorize the sessions of the court at Long Beach was unconstitutional and

that the proceedings at such session were therefore void. Counsel for respondent therein did not challenge the latter assertion, but devoted all of their argument to the question of the constitutionality of the statute, so that this was the only question in controversy between the parties in that proceeding. Counsel for respondent in the Brady case expressly conceded that if the statute was unconstitutional, the proceedings would be void, and the court was not called upon to decide the question here presented. It may be that counsel in those cases were so desirous of procuring an adjudication of the question of the constitutionality of the statute that they purposely refrained from argument upon the other question. [2] While we are satisfied with and adhere to the conclusion expressed in those two cases, namely, that the act purporting to authorize the holding of sessions of the superior court at Long Beach is unconstitutional, nevertheless, for the reasons indicated, we are not disposed to re-regard those cases as determinative of the question here presented.

[3] The general rule is that the elements of time and place are as essential to the valid functioning of a court as is the presence of the duly constituted judicial officers (*White County Commrs.* v. *Gwin*, 136 Ind. 562 [22 L. R. A. 402, 36 N. E. 237]; *State* v. *Atherton*, 19 Nev. 332 [10 Pac. 901]; *Lewis* v. *City of Hoboken*, 42 N. J. L. 377; *In re McClaskey*, 2 Okl. 568 [37 Pac. 854]; *In re Lawyers' Tax Cases*, 55 Tenn. 565, at 650; *Levey* v. *Bigelow*, 6 Ind. App. 677 [34 N. E. 128]; 15 Cor. Jur. 895; 7 R. C. L. 992). This rule is well stated in *White County Commrs.* v. *Gwin, supra,* as follows: "A court is an instrumentality of government. It is a creation of the law, and in some respects it is an imaginary thing that exists only in legal contemplation, very similar to a corporation. A time when, place where, and the persons by whom judicial functions are to be exercised are essential to complete the idea of a court. It is its organized aspect with all these constituent elements of time, place and officers that completes the idea of a court in the general legal acceptation of the term."

When we come to consider the effect upon the validity of the proceedings of the absence of one of these constituent elements, as to whether the proceedings are thereby rendered void or merely erroneous, we find no uniformity of decision.

There are numerous cases holding that the proceedings of a court at a time or place other than that prescribed by law are *coram non judice* and void (*Johnston* v. *Hunter,* 50 W. Va. 52 [40 S. E. 448]; *Ex parte Gardner,* 22 Nev. 280 [39 Pac. 570]; *Coulter* v. *Routt County,* 9 Colo. 258 [11 Pac. 199]; *Patton* v. *State,* 160 Ala. 111 [49 South. 809]; *Williams* v. *Reutzel,* 60 Ark. 155 [29 S. W. 374]; *Hanley* v. *City of Medford,* 56 Or. 171 [108 Pac. 188]; *Shold* v. *Van Treeck,* 82 Neb. 99 [117 N. W. 113]; *Mattox* v. *Dunklin* (Ala.), 39 South. 579; *State* v. *Osborn,* 36 Kan. 530 [13 Pac. 850]). Many of the cases so holding, however, are cases of direct attack by appeal, wherein the question whether the proceedings were void, as distinguished from erroneous, was not necessarily involved. Some of them were cases wherein a court of one judicial district had attempted to function within the territorial limits of another judicial district (*Johnston* v. *Hunter, supra; Ex parte Gardner, supra; Hanley* v. *City of Medford, supra*). Others were cases wherein all of the proceedings in the action, from the filing of the first pleading to the entry of final judgment, were had at a place unauthorized by law (*Patton* v. *State, supra; Williams* v. *Reutzel, supra; Mattox* v. *Dunklin, supra*). Or where the court had not been legally created (*In re Davis,* 62 Kan. 231 [61 Pac. 809]). Or where an attempt was made to hold a county court in an unorganized county (*State* v. *Osborn,* 36 Kan. 530 [13 Pac. 850]). Or where a hearing was held at an unauthorized place and without any notice (*White* v. *Riggs,* 27 Me. 114).

It is to be noted that in the case here under consideration, the only thing that was done by the court at an unauthorized place was the hearing of testimony. The complaint was duly filed at the clerk's office at the county seat. The summons was issued therefrom, was personally served, and was returned with proof of service thereto and filed therein. The default of the defendant was duly entered and noted by the clerk at his office at the county seat. The case was set for hearing by the presiding judge sitting at the county seat and by him assigned to the department sitting at Long Beach. The decision, consisting of the findings, conclusions, and judgment, signed by the judge, was filed in the clerk's office at the county seat and there entered in the judgment record. The only defect in the proceeding, therefore, consists in the

taking of evidence at an unauthorized place. [4] While this constitutes error redressible by means of a direct attack by motion or appeal, it is not usually regarded as rendering the proceedings absolutely void so as to be vulnerable to a collateral attack (*Selleck* v. *Janesville,* 100 Wis. 157 [69 Am. St. Rep. 906, 41 L. R. A. 563, and note, 75 N. W. 975]; *Bell* v. *Jarvis,* 98 Minn. 109 [8 Ann. Cas. 938, 107 N. W. 547]; *Carter* v. *State,* 100 Miss. 343 [Ann. Cas. 1914A, 369, and note, 56 South. 454]; *People* v. *Pompa,* 192 Cal. 412 [221 Pac. 198]). Respondent suggests that the Pompa case is to be distinguished from the one here under consideration by the circumstance that in that case the court met regularly at the time and place provided by law and there proceeded to the trial of the case; that the trial was regularly held and conducted at the place provided by law, with the sole exception that some testimony was taken during a view of the premises by the jurors; that this constituted a mere irregularity insufficient to deprive the court of that jurisdiction which it acquired by the beginning of the trial at the regular time and place, whereas, in the present case, the entire trial was held at an unauthorized place. [5] It is to be noted, however, that the taking of testimony in the present case did not constitute the holding of a trial in the strict sense of the word. There were no issues of fact upon which a trial was required. The default of the defendant admitted all of the allegations of the complaint. Upon the entry of such default the court might have rendered judgment for the plaintiff without the taking of any evidence (Code Civ. Proc., sec. 585; *City of Los Angeles* v. *Los Angeles F. & M. Co.,* 150 Cal. 647 [89 Pac. 615]), except for the requirement of section 130 of the Civil Code, which forbids the granting of a divorce upon the default of the defendant or upon the uncorroborated admissions of the parties. This section requires proof of the facts alleged, either "taken before the court" or "upon written questions and answers," but it is not to be construed as raising "issues of fact" in case of default, nor as constituting the taking of proof, in such case, a "trial" as that term is used in the provisions relating to new trial (*Foley* v. *Foley,* 120 Cal. 33 [65 Am. St. Rep. 147, 52 Pac. 122]), nor as requiring written findings of fact and conclusions of law (*Waldecker* v. *Waldecker,* 178 Cal. 566 [174 Pac. 36]). This case, therefore, strictly speaking, is not one

where a trial was had at an unauthorized place, but is rather one wherein proof which the law requires to be "taken before the court" was in fact taken before the judge.

This court in its early decisions applied with great strictness the rule which requires the concurrence of the elements of time, place, and judicial officers to render valid a judgment or order which under the law could be made only by the court. In *Smith* v. *Chichester*, 1 Cal. 409, a judgment of the district court which was rendered in vacation between two terms of court was held invalid. In *Wicks* v. *Lugwig*, 9 Cal. 173, and in *Bates* v. *Gage*, 40 Cal. 183, judgments rendered under similar circumstances were held to be void. In *Larco* v. *Casaneuava*, 30 Cal. 560, where, in an action pending in San Mateo County, the trial judge, while sitting in chambers in the city and county of San Francisco, heard and acted upon a motion to strike out defendant's demurrers as sham, this action was held to be error, but the judgment for plaintiff was, nevertheless, affirmed. In *Norwood* v. *Kenfield*, 34 Cal. 329, where the trial judge made an order at chambers continuing the trial of a case to a time in vacation between terms of court, and held the trial at that time over the objection of defendant, this court held that the judge at chambers had no authority to make such order and that the order so made and the trial so held in vacation pursuant thereto were void. It may be that the strictness with which the rule was applied in those early cases was one of the considerations which moved the framers of the constitution of 1879 to abolish terms of court and to provide that the superior court "shall always be open (legal holidays and nonjudicial days excepted) . . . " (art. VI, sec. 5). However this may be, the strictness of the early rule was abrogated and the early cases above cited (though not mentioned therein) were in effect overruled in 1872 in the case of *Ex parte Bennett*, 44 Cal. 84. This case is very nearly on all-fours with the case at bar. It also involved a contempt proceeding, the object of which was the enforcement of a decree of divorce. It, however, was not a default case, but one in which an answer had been filed raising issues of fact. By consent of the parties it was set for hearing before the judge at chambers in vacation between terms of court and was so heard and decided, and judgment was rendered in vacation and entered *nunc pro tunc* as of the preceding term

of court.  There, as here, the defendant having failed to make the payments provided for in the decree, was cited in a contempt proceeding, and there made the point that the judgment, being based upon a trial had at a time and at a place not authorized by law, was void.  The contention was rejected by this court and the following language from the opinion is especially pertinent to the present situation:

"The principal objection made for the petitioner, as we understand it, is that the cause was *tried* at chambers, and not in open Court; and it is said that there is no authority to try a cause except in open Court.

"But even if this be so, we do not see that it would follow that a judgment rendered in a cause which had been tried at chambers would for that reason necessarily be void in the absolute sense.

"The District Court in Sonoma unquestionably had jurisdiction of the subject matter and of the parties litigant. Had the Court itself rendered the judgment in question in open session at a regular term, without trial, without proof, and even without submission of the cause for decision, such judgment, however erroneous, would not be held void upon a mere collateral attack.  To maintain that it would, would be to ignore the obvious distinction between a total want of authority upon the one hand, and the erroneous exercise of conceded authority upon the other. . . .

"The hearing of proofs, the argument of counsel—in other words, the trial had, or the absence of any or all of these— neither confer jurisdiction in the first instance, nor take it away after it has once fully attached."

The cases of *Johnston* v. *San Francisco Sav. Union,* 75 Cal. 134, 139 [7 Am. St. Rep. 129, 16 Pac. 753], *Beaulieu Vineyard Co.* v. *Superior Court,* 6 Cal. App. 242, 248, 250 [91 Pac. 1015], *Dahlgren* v. *Superior Court,* 8 Cal. App. 622, 626 [97 Pac. 681], *People* v. *Maljan,* 34 Cal. App. 384 [167 Pac. 547], and *McGrath* v. *Langford,* 35 Cal. App. 215 [169 Pac. 424], also lend support to the conclusions there reached. The case last cited is quite in point here.  In that case a demurrer to the complaint filed in the justice's court was set for hearing at 3 o'clock P. M. on a Saturday, which was a nonjudicial day (Code Civ. Proc., secs. 10, 133, 134).  The demurrer was heard and overruled at that time in the absence of the defendant,  It was held that this action was

erroneous but not void, and that the judgment based thereon was invulnerable upon collateral attack. There is language used in the opinion in *Shepherd* v. *Superior Court*, 54 Cal. App. 673 [202 Pac. 466], which, when read apart from its context, seems to conflict with the conclusions indicated in the last cited cases, but when it is read in the light of the facts of the case there under consideration no such conflict will be found. It may be conceded that a judgment cannot be legally rendered by the mere telephoning of a statement to that effect from the judge's residence to the office of the clerk upon a nonjudicial day, but the filing in the clerk's office of a written judgment signed by the judge (as was done here) does constitute in law a rendition of such judgment (*In re Newman*, 75 Cal. 213, 221 [7 Am. St. Rep. 146, 16 Pac. 887]; *Baker* v. *Brickell*, 102 Cal. 620, 623 [36 Pac. 950]; *Powell* v. *Mohr*, 68 Cal. App. 639 [230 Pac. 27]).

[6] It must be conceded that the department of the superior court while sitting at Long Beach was not regularly functioning as a court. The result is that the evidence so heard by it was in effect heard by the judge "in chambers." Under the rule adhered to in the later decisions of this state this circumstance does not render the judgment void. It was undoubtedly erroneous and might have furnished ground for a reversal of the judgment upon appeal, unless the suffering of default by the defendant be deemed a waiver of his right to object to such irregularity or be regarded as a consent thereto. It was a violation of the mandate contained in section 130 of the Civil Code requiring proof of the facts alleged to be "taken before the court." But we are satisfied that this requirement, though mandatory, is not jurisdictional. The provision of section 128 of the Civil Code, forbidding the granting of a divorce unless the plaintiff has been a resident of the state and of the county for the time specified, is of a similar character. This requirement has sometimes been spoken of as "jurisdictional" (*Flynn* v. *Flynn*, 171 Cal. 746 [154 Pac. 837]; *Gould* v. *Gould*, 188 Cal. 505 [205 Pac. 1072]). But it has never been so decided, so far as we are advised, in any case wherein that question was actually involved. In the cases in which this question has been actually involved and decided it has been held that this requirement is not jurisdictional and that the failure to comply with it is nothing more than error in the exercise

of jurisdiction (*Estate of McNeil,* 155 Cal. 333, 339 [100 Pac. 1086]; *Dahne* v. *Superior Court,* 31 Cal. App. 664 [161 Pac. 280]; *Bullard* v. *Bullard,* 189 Cal. 502, 506 [209 Pac. 361]). The same reasoning applies with equal force to the provisions of section 130 of the Civil Code, and it follows by parity of reasoning that these requirements are not jurisdictional and that a failure to comply with them results in mere error correctible only by means of a direct attack by appeal or motion in the same case.

It may be suggested that we are not entitled to assume upon the record herein that the court in the divorce action did fail to comply with the requirements of section 130. These requirements are in the alternative, that the court require proof of the facts alleged, either "taken before the court" or "upon written questions and answers." It is nowhere alleged herein that the proofs taken herein were not taken upon written questions and answers. **[7]** Upon an appeal from a judgment all intendments and presumptions are in support thereof, and this rule applies *a fortiori* in cases of collateral attack upon a judgment. But we are satisfied, for the reasons above indicated, that a failure to comply with the requirements of this section would not render the judgment void. In our consideration of the case thus far we have assumed as a fact that the judgment under consideration is subject to the defects which we have been discussing, but it is to be doubted that such assumption is justified by the record herein. **[8]** The general rule is that a judgment of a court of record cannot be collaterally assailed unless it is void on its face (15 Cal. Jur., p. 45). This rule applies equally to a judgment of divorce (9 Cal. Jur., p. 750). A judgment of a court of record is not void upon its face unless the defects which render it void are apparent upon an inspection of the judgment-roll (*Estate of McNeil, supra*). It nowhere appears from the record herein that the defects that we have been here considering are apparent from an inspection of the judgment-roll, nor does it seem probable that they would so appear. On the contrary, it seems most probable that an inspection of the judgment-roll in the divorce action would disclose no defect whatever therein.

It is our conclusion that upon the showing here made the judgment in question cannot be said to be void, and it must, therefore, be deemed to be valid for the purposes of this

proceeding. It is ordered that a peremptory writ of mandate issue herein, directing the respondents to proceed as soon as practicable with the hearing and determination of said contempt proceeding.

Lennon, J., Lawlor, J., Seawell, J., Shenk, J., Richards, J., and Waste, J., concurred.