McGREGOR *v.* CAIN.

Opinion delivered June 4, 1928.

*J. F. Summers*, for appellant.
*Roy D. Campbell,* for appellee.

HART, C. J., (after stating the facts). The Legislature of 1923 passed an act to establish a circuit court and a chancery court at McCrory, Arkansas, and to create the Central Judicial District. Special Acts of 1923, p. 210. Under § 19 of said act it is made the duty of the collector of taxes of Woodruff County to collect the same in the respective districts of said county as now provided by law, the same as if said districts

were separate and distinct counties. Under the provisions of § 10042 of Crawford & Moses' Digest, the collector or his deputy is required to attend at his office at the county seat until the tenth day of April each year to receive taxes from persons wishing to pay the same. This section is an amendment to a part of the original revenue act which came up for construction in this court in *Hare* v. *Carnall*, 39 Ark. 196. In that case the court had under consideration a section of the statute requiring the collector to attend at his office at the county seat until the twentieth day of April each year, to receive taxes from persons wishing to pay the same. The court said that this provision was intended for the benefit of the taxpayers, and that its observance was a condition precedent to any valid sale of land. Hence the court held that the provision was mandatory.

It is now contended that, unless the collector maintains an office in the courthouse until the tenth day of April in each year to receive taxes from persons wishing to pay the same, all tax sales will be void. We do not think so. The term "county seat" indicates the seat of government of a county, the town in which the county and other courts are held, and where the county officers discharge their duties. *Williams* v. *Reutzel*, 60 Ark. 155, 29 S. W. 374, and *Graham* v. *Nix*, 102 Ark. 277, 144 S. W. 214. Hence the county seat does not consist merely of the courthouse and jail, but also of the territory of the town designated as the county seat. While ordinarily it would be the duty of the collector of taxes to maintain an office in the courthouse to collect taxes under our revenue act, still there could be no imperative duty upon him to maintain an office there under all circumstances.

In the case at bar the allegations of the response of the collector were established by evidence. The special act of the Legislature creating three judicial districts in Woodruff County was held valid by this court in *Bonner* v. *Jackson*, 158 Ark. 526, 251 S. W. 1. The court will take judicial notice that three judicial districts were

established in Woodruff County by that act, and that McCrory was designated as the county seat of the middle district. It is a small town, and, under the facts established by the record, there was no courthouse erected; and the building provided by the county court within which to hold court and establish county offices was destroyed by fire. The county court then provided another building for courthouse purposes, and offered to fit up a room upstairs in it for the use of the collector in collecting taxes. The collector of taxes refused to do this, and established his office for the purpose of collecting taxes in the Central District in a mercantile establishment about a block away from the building designated for courthouse purposes. He gives as a reason for so doing that the building designated for courthouse purposes had no fireproof vault in which to keep the tax records, and that the mercantile building had such fireproof vault. The office of the collector in the mercantile building was kept open at all reasonable hours during the day, and the place was well known to the property owners and inhabitants of the Central District of Woodruff County as the place where taxes were received from all persons wishing to pay the same. This was done without cost to the county.

Under these circumstances the circuit court erred in issuing a writ of mandamus, at the request of the county judge, to require the county collector to maintain an office in the building designated for a courthouse for the purpose of receiving taxes from persons desiring to pay the same. Therefore the judgment of the circuit court will be reversed, and the cause is remanded with directions to the circuit court to dismiss the petition of the county judge. It is so ordered.